BRIGHAM & WARD v. WHITE ET AL.

1. **Practice in the Supreme Court:** VERIFICATION: WHERE OBJECTIONS MUST BE MADE. An objection to the verification of a petition based upon the insufficiency of the affidavit cannot first be raised in the Supreme Court.

2. **Injunction:** JUNIOR LIEN: SALE OF PROPERTY. A party holding a junior lien is entitled to an injunction restraining a sale of the property under the senior lien, which he alleges in his petition has been paid, notwithstanding his lien has not been reduced to a judgment. If he were a general creditor the rule would be otherwise.

3. ———: FRAUD. Where fraud is the gravamen of the petition, the injunction will usually be continued to the hearing.

*Appeal from Pottawattamie District Court.*

THURSDAY, DECEMBER 7.

THE plaintiffs hold a mortgage upon a lot in Council Bluffs, executed to them by the defendant, David Gray. The defendant, U. H. White, holds a judgment rendered prior to said mortgage, in the District Court of Pottawattamie county, against said Gray, in favor of one Kay, the same being now assigned to said White. Execution having been issued upon said judgment and levied upon said lot, the plaintiffs bring this action to enjoin the sale of said lot, and claim their right to such injunction upon the ground that the judgment has been paid and that the defendants, Gray and White, have fraudulently combined to deprive the plaintiffs of their mortgage security. The defendants answered, denying the allegations of the petition, and moved for a dissolution of the injunction. The motion was overruled. Defendants appeal.

*Montgomery & Scott* and *G. A. Holmes*, for appellants.

*Sapp & Lyman, James, Aylesworth & Minster* and *John Lindt*, for appellees.

ADAMS, J.—I. The petition contains an averment in substance as follows: That the plaintiffs are informed and believe

and charge the fact to be that the defendants, Gray and White,

**1. PRACTICE in the Supreme Court: verification: where objection must be made.** have fraudulently combined with each other to defraud the plaintiffs out of their mortgage security; that said Gray placed in the hands of said White the money necessary to pay the judgment against him, with which said White procured an assignment of it to himself, and now holds it without any interest in it and for the benefit of said Gray, and has caused an execution to be issued on it, and unless restrained will sell the said mortgaged property.

The petition is sworn to by one John Lindt, the affidavit being in the following words: "I, John Lindt, having been duly sworn, make oath, and say: I am one of the attorneys in the above entitled cause; that I have read the foregoing petition; that I have personal knowledge of the matters and things set forth; that the matters and things set forth in the foregoing petition are true, as I believe."

It is contended by the appellants that the affidavit is insufficient. They say that the fraud is charged upon information and belief, and that the verification by the attorney is that the same is true as he verily believes, thus charging the fraud upon a belief of a belief. Without stopping to inquire whether the petition and verification are susceptible of this construction, it is sufficient to say that no such objection appears to have been made in the court below. The motion for a dissolution is based upon three different grounds, but this is not one of them, and we think it should be regarded as waived.

II. It is contended that the plaintiffs cannot maintain this action, because their claim has not yet been reduced to a judgment. If they were general creditors this objection

**2. INJUNCTION: junior lien: sale of property.** tion would be well taken, but having a mortgage lien upon the property which defendants are seeking to sell, it is their right, if the judgment has been in fact paid by Gray, by furnishing to White the money with which the assignment was procured, to have the sale restrained provided that a sale would impair their security, and they aver that it would.

In opposition to this view it is urged that until a claim is

reduced to judgment there may be some defense to it; that Gray may have some defense to plaintiff's mortgage, and that while that is possible it would be unjust to allow them to interfere in the sale of the mortgaged property, even though the judgment under which the sale was about to be made had in fact been satisfied. We do not think that this objection is well taken. As to the validity of the mortgage the plaintiffs tender a direct issue in their petition, and make Gray, the mortgagor, a party. Besides, the *gravamen* of the petition is that defendants, Gray and White, have combined to defraud the plaintiffs out of their mortgage security.

The establishment of such fact involves the establishment of their mortgage and debt.

III. All the equities of the petition having been fully denied, it is claimed that the injunction must be dissolved. 3. ——: fraud. While this is the general rule there are some exceptions. Where fraud is the *gravamen* of the petition the injunction should generally be continued to the hearing. *Sinnett v. Moles*, 38 Iowa, 25; *Dent v. Summerlin*, 12 Geo., 5.

AFFIRMED.