J. H. SMITH AND OTHERS, PLAINTIFFS IN ERROR, V. GREGG, TORIAN & CO., DEFENDANTS IN ERROR.

1. **Undertaking in Injunction.** Action on injunction undertaking. Petition states the cause of action as follows, after setting out the bringing of the injunction suit and giving of the undertaking, which contained the following conditions: * * * " That the said Joseph H. Smith should pay to plaintiffs the damages plaintiffs should sustain by reason of the injunction in said action if it should be finally decided that said injunction ought not to have been granted." * * * "That afterwards, to-wit: * * * it was found by the judge of the

district court of Jefferson county, Nebraska, at chambers, that the petition of said Joseph H. Smith in said injunction action did not contain a statement of facts sufficient to justify the issuance of said injunction, and said injunction was then and there dissolved, and said action of injunction was afterwards dismissed at the cost of said Joseph H. Smith by the district court of said Jefferson county. That by reason of said injunction in said action plaintiffs were damaged in the sum of seventy-five dollars in this, to-wit, for the time and trouble spent by plaintiffs in looking after and in procuring the dissolution of the said injunction and for money laid out and expended for counsel and attorney's fees, and their expenses in and about the procuring of the dissolution of said injunction. That the same is due and unpaid," etc.   *Held*, on demurrer, that the facts stated constituted a cause of action.

2. **Partnership:** SUIT BROUGHT IN THE NAME OF A FIRM. Suit in the name of "Hanson Gregg, Albert Torian, and Mason Gregg, late co-partners under the firm name and style of Gregg, Torian & Co., plaintiffs." *Held*, on demurrer, not brought under the provisions of § 24, of chap. 57, Gen. Stat., and that it was not necessary that plaintiffs should state that such partnership "was formed for the purpose of carrying on trade or business, or for the purpose of holding any species of property in this state."

ERROR to the district court for Jefferson county. Heard below before WEAVER, J., on demurrer to the petition; demurrer overruled, and judgment for plaintiff. Defendants below, Smith *et. al.*, brought the case here to reverse said judgment.

*Saxon & Snell*, for plaintiff in error.

1. The petition contains nowhere an allegation that the condition of the undertaking was broken. It contains no allegation that it has ever been "finally decided" that the injunction "ought not to have been granted." These plaintiffs are liable only according to the express terms of the bond. *Hall v. Williamson's Admis.*, 9 Ohio State, 17. *Dorris v. Carter* (Mo.), Cen. Law Jour., 217.

2. There is no breach of the undertaking alleged in the petition. It ought to assign a breach in the words of the contract either negatively or affirmatively. 2 Wm. Saund., 181. 6 Cranch, 127. 8 Johns., N. Y., 111. 4 Dall., Penn., 436. 5 Johns., N. Y., 168. 7 Johns., N. Y., 376.

3. The judge of the district court had no jurisdiction or power to dissolve the injunction at chambers, that being the only relief prayed for in the injunction case. Gen. Stat., § 263, p. 568. Constitution, § 23, art. VI.

4. The petition showed upon its face a want of capacity to sue. The action is brought in a partnership name, but the petition, although giving the names of the members of the firm, fails to show whether it was a resident or non-resident co-partnership, and contains no allegation as to its being formed for the carrying on of business or holding property in this state. Plaintiff believes this is necessary.

*Slocumb & Hambel*, for defendants in error.

A motion to dissolve an injunction on the ground of insufficiency in the allegations of the petition operates as a general demurrer, and the injunction must stand or fall on the facts as pleaded. High on Injunctions, 940. Kerr on Injunctions in Equity, 626, 627. And upon the action being dismissed, the injunction falls as a matter of course without further proceedings, whether the injunction was granted on the merits or otherwise, and no motion for its dissolution is necessary. Kerr on Injunctions in Equity, 636. High on Injunctions, § 888. Hence upon any view that can possibly be taken of the injunction suit, the injunction, together with the entire case, is entirely disposed of, and that, too, upon the hypothesis that all that the

plaintiff Smith had stated in his petition was true. And more especially is this so, for as plaintiffs say in their brief, "the injunction was the only relief prayed in the injunction case."

COBB, J.

Two questions are raised by the demurrer in this case. 1st, That there is no breach of the conditions of the undertaking. 2d, That the petition shows on its face want of capacity to sue, the action being brought in a partnership name, and the petition, though giving the names of the members of the firm, contains no allegation as to its having been formed for the purpose of carrying on business, etc., in this state.

The statute gives no form for an undertaking in injunction. Section 255, on page 567, General Statutes, does not purport to give a form, but to point out the substance of the required undertaking. I think that the undertaking, a copy of which is attached to the petition, complies substantially with the provisions of the statute, and that the breach of the conditions thereof as set out in the petition substantially states a cause of action. It is in the following words: "That afterwards, to-wit, on or about the —— day of February, 1876, it was found by the judge of the district court of Jefferson county, Nebraska, at chambers, that the petition of said Joseph H. Smith in said injunction action did not contain a statement of facts sufficient to justify the issuance of said injunction. And said injunction was then and there dissolved, and said action of injunction was afterwards dismissed, at the cost of the said Joseph H. Smith, by the district court of said Jefferson county. That by reason of said injunction in said action plaintiffs were damaged in the sum of seventy-five dollars in this, to-wit, for the time and trouble spent

by plaintiffs in looking after and in procuring the dissolution of said injunction, and for money paid out and expended for counsel and attorney fees, and their expenses in and about the procuring of the dissolution of the injunction. That the sum of seventy-five dollars is now due and owing from defendants to said plaintiffs, and no part of the same has ever been paid," etc.

Certainly the action of the judge at chambers dissolving the injunction, and afterwards of the court dismissing the suit at the cost of the plaintiffs, taken together, were equivalent to a decision "that the injunction ought not to have been granted."

The plaintiffs in error cite authorities to the effect that they being mere sureties, the extent of their liability is to be measured by the letter of their bond. It is scarcely necessary to quote an array of authorities to sustain this position; if it were, they are abundant. I regard the case at bar as entirely within this rule. The petition sets out the facts in the case, and I think that the court below, in deciding upon the demurrer, drew the proper conclusions, and that in so doing did no violence to the above rule of law.

As to the second point. The plaintiffs are in error in this, that the suit was brought in a partnership name, although certainly not in the sense of § 24, of chap. 57, General Statutes. The suit was brought in the names of Hanson Gregg, Albert Torian, and Mason Gregg, late partners under the firm name and style of Gregg, Torian & Co., plaintiffs, etc. To do this they were not dependent upon the provisions of the statute in question, which provides that "any company or association of persons formed for the purpose of carrying on any trade or business, or for the purpose of holding any species of property in this state, and not incorporated, may sue and be sued by such usual name as such company, partnership, or association may have assumed to

itself or be known by, and it shall not be necessary in such case to set forth in the process or pleadings or to prove at the trial *the names of the persons composing such company.*" In the case at bar the full christian and surnames of all the members of the firm are set out. Hence the objection, that they do not bring themselves within the provisions of the section above quoted, has no force.

It therefore follows that the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.