GEORGE F. PEAKS AND AMBROSE M. LORD, COPART-
NERS, DOING BUSINESS IN THE STATE OF NE-
BRASKA, UNDER THE FIRM NAME AND STYLE OF
GEORGE F. PEAKS AND COMPANY, PLAINTIFFS IN
ERROR, V. GEORGE GRAVES, DEFENDANT IN ERROR.

**Partnership:** PARTIES. A purchased certain real estate for him-
self and B, with funds furnished by them jointly, the purchase
being made for the use of a partnership to be thereafter formed
by them, but for convenience took the title in his own name,
the vendor having knowledge of the purpose of the purchase
and of the contemplated partnership. In an action for dam-
ages for false representation as to the quantity of land contained
in the tract sold, A and B joined as plaintiffs, as A and B, co-
partners, etc. It was *Held*, That the action could be main-
tained by them as plaintiffs.

ERROR to the district court for Antelope county.
Tried below before NORRIS, J.

*Robertson & Campbell,* and *N. D. Jackson,* for plaintiffs
in error, cited: *Roop v. Herron,* 15 Neb., 80. *Rosenbaum
& Co. v. Hayden & Co.,* 22 Neb., 748. *Morrissey v.
Schindler,* 18 Neb., 672. *Smith v. Gregg,* 9 Neb., 216.
*Thompson v. Stetson,* 15 Neb., 112.

*Allen & Robinson,* for defendant in error, cited: Max-
well's Pleading and Practice, 4th edition, 28. *Skinner v.
Stocks,* 4 B. and Ald., 437. Bliss' Code Pleading, 24.
*Medbury v. Watson,* 6 Metc., 246. *Bowen v. Billings,* 13
Neb., 443. *Smith v. Jones,* 18 Neb., 483. Parsons on
Partnership, 348 and 349, and notes.

REESE, CH. J.

This action was instituted in the district court of Ante-
lope county. It was alleged in the petition that the

plaintiffs were copartners, doing business in this state, under the firm name of George F. Peaks and Company; that on or about the 9th day of March, 1885, the plaintiff, George F. Peaks, made a contract in writing with the defendant, for the purchase from him of a lumber and coal yard, situated at Burnett, and including all the lands upon which the yard and business was located.

It is alleged, in substance, that the defendant represented to Peaks that he was the owner of all the land which was used in connection with the business, no reference being had to the description by numbers of lots or blocks; that relying upon this representation, Peaks, who was acting for himself and Lord, made the purchase, the deed to the real estate being executed by another person, who appears to have been the holder of the legal title, and which included lots one, two, three, twenty-one, and twenty-two, in block two, in the village of Burnett; that after receiving the deed, and ascertaining the exact location of the property conveyed, Peaks then ascertained, for the first time, that the deed did not contain all of the land which Graves had represented that he owned; and that upon inquiry it was further ascertained that he was not the owner of the land which he used and occupied in his business, and which he represented he was selling to Peaks; that in making the purchase, Peaks relied upon the statements made by Graves, but which were false, and a willful misrepresentation of the facts; that at the time of the purchase Lord was not within the state, but that the property was purchased with the money of Peaks and Lord, in equal shares, and for the purpose of engaging in the lumber business as partners, as defendant then knew, and as they afterwards did. But that, for convenience, all the papers in connection with the purchase and conveyance were made in the name of plaintiff Peaks, although the property purchased was the joint property of plaintiffs, and continued so to be up to the time of the commencement of

the action. The suit was brought for damages resulting from the alleged misrepresentation of facts.

The answer filed was a general denial of all the allegations of the petition.

A jury was impaneled, and the trial commenced. Plaintiff Peaks was called to the witness stand and testified to his name, that he was one of the plaintiffs, resided at Battle Creek, in Madison county, that he was acquainted with the defendant, and had known him since in March, 1885, when the defendant interposed the following objection:

"The defendant objects to the introduction of any evidence on the part of the plaintiffs in this case, for the reason that the petition does not state facts sufficient to constitute a cause of action. 1st. The several written contracts between the plaintiff, Peaks, and the defendant, Graves, set forth in the petition, vested the legal title to the property described in the contracts in controversy, and the cause of the action in controversy, in the plaintiff, Peaks, as an individual, and not as Peaks and Company, or George F. Peaks and Ambrose M. Lord, and George F. Peaks only, in his individual capacity, can maintain the action."

The transcript further shows that, "said objection was sustained by the court, to which the plaintiffs except. Whereupon the defendant moved the court to instruct the jury to return the verdict for the defendant, and the plaintiffs objected to the court giving such instruction. The objection of the plaintiffs was overruled by the court, to which plaintiffs, at the time, excepted, and the instruction given is prayed for by the defendant, and the jury was instructed by the court to return a verdict for the defendant, to which plaintiffs except."

The instruction was given and a verdict returned in favor of defendant. Plaintiffs filed a motion for a new trial, which was overruled, and a judgment was entered

on the verdict. Plaintiffs bring the case to this court by proceedings in error.

The question presented is, can the action be maintained by the plaintiffs, as brought, or should it have been brought in the name of George F. Peaks alone?

Section 29 of the civil code provides that every action must be prosecuted in the name of the real party in interest, with the exception of certain cases named in section 32, among which is, that an action may be brought by a person with whom or in whose name a contract is made for the benefit of another. According to the allegations of the petition, all of which must be taken as true for the purposes of this inquiry, as the objection was in the nature of a demurrer *ore tenus*, the contract was made by Peaks, for himself and Lord, who were jointly interested in the purchase. It could not be said, therefore, that the contract was made for the benefit of another, to the exclusion of the person making it. But it is contended by defendant in error that this action is brought in the partnership name, and not in the name of the individual members of the firm. In this we think he is mistaken. It is true that it is alleged that they are a copartnership, and doing business under the firm name and style of George F. Peaks & Company, but the action is not brought by George F. Peaks & Company, under the provisions of section 24 of the code, but by George F. Peaks and Ambrose M. Lord, who are alleged or described as being copartners. The allegations of the petition may be fairly construed to be, that Peaks made the purchase with the joint funds of himself and Lord before the creation of the firm of Peaks & Company, but with the view and for the purpose of the partnership, when formed.

Section 24 of the civil code, above cited, provides, in substance, that a company or association of persons formed for the purpose of carrying on any trade or business, in this state, not incorporated, may sue and be sued by such

usual name as such partnership may have assumed to itself or be known by, and it shall not be necessary in such case to set forth in the process or pleading, or prove at the trial, the names of the persons composing such company.

In *Smith v. Gregg*, 9 Neb., 212, the action was brought as in the case at bar, the plaintiffs being Hans Gregg, Albert Torian, and Mason Gregg, late copartners under the firm name and style of Gregg, Torian & Company It was held that the action was not brought under the provisions of section 24, *supra*, and that it was not necessary that it should be alleged that the partnership was formed for the purpose of carrying on a trade or business, or for the purpose of holding property in this state.

It will be seen, therefore, that a distinction is made by the code between actions instituted in the firm name, and those in the names of the individual members of the firm. In the former case it is necessary that the plaintiff should give security for costs, as the real parties suing are unknown to the defendant and to the court, in order that a judgment may be rendered against a responsible individual for costs, and that the petition alleges that the company was formed for the purpose of carrying on a business in this state.

But such is not the rule, if the names of the persons composing such firm or company are given, and the suit is prosecuted in their names. The reason being that they are each responsible for the costs on the adjudication being against them, they standing upon the plane of any other individual plaintiff.

For this reason we think the district court erred in sustaining the objection interposed by defendant, and that the judgment should be reversed, which is done, and the cause remanded to the district court for further proceedings.

REVERSED AND REMANDED

THE other judges concur.