THE BANK of MONROE ET AL. v. GIFFORD ET AL.

1. **Injunction**: DISSOLUTION: ACTION ON BOND: NO DAMAGES—NO RE-COVERY. Where a defendant in an injunction suit moved to dissolve the injunction upon the filing of the answer, and the answer alleged that he did not desire, and was not intending, to do the act enjoined, this was a concession that he was not damaged by the writ, and that he would not have been damaged by a continuance of it to the final hearing, and, consequently, though the motion for a dissolution was sustained, *held* that he could not recover, in an action on the injunction bond, the expense incurred by him in procuring its dissolution.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, MARCH 2.

THE defendant Gifford brought an action in equity in the district court of Jasper county to cancel a promissory note which he had signed as surety for the Anderson Bros. Mining & Railway Company. The note was made payable to the plaintiff Tunis Schenck, and was by him indorsed to the Bank of Monroe. The ground upon which plaintiff demanded relief was that his signature to the note had been obtained by certain fraudulent representations and concealments, and he alleged that both Schenck and the bank were parties to such fraud. He asked and obtained a temporary injunction

restraining the bank from negotiating the note. Soon after the writ of injunction was served upon it, the bank filed its answer denying the allegations of the petition. .It also filed a motion, supported by affidavits, for the vacation of the injunction. This motion, together with the pleadings and affidavits, was submitted in vacation to the judge of the district court on whose order the writ had been allowed, and was sustained by him, and an order was entered dissolving the writ. The plaintiffs thereupon instituted a suit on the injunction bond, claiming damages thereon for the wrongful suing out of the writ. It was adjudged in that action, on demurrer to the petition, that an action could not be maintained on the bond before the determination of the suit in which the writ was issued, and that ruling was affirmed by this court. See 65 Iowa, 648. During the pendency of those proceedings the note matured, and the bank instituted an action at law for its enforcement. Defendant then dismissed his action in equity, and pleaded the matters alleged in his petition as a defense in the law action. Plaintiffs thereupon brought this action on the injunction bond, in which they seek to recover the expense incurred by them for counsel fees in procuring the order vacating the injunction. The condition of the injunction bond was as follows: "The condition of the above obligation is such that whereas the said Gifford has filed in the office of the clerk of the district court of Jasper county, Iowa, a petition praying that a writ of injunction be issued to restrain the said Schenck and the Bank of Monroe from negotiating, selling, assigning, or indorsing a certain note executed by Ellis Gifford on or about February 14, 1883, for $2,500, said writ to restrain such sale, assignment, or indorsement to any person whomsoever; and whereas, the Hon. J. K. Johnson, judge of the district court of Iowa, for Jasper county, made an order allowing said writ of injunction; now, therefore, if the said Gifford shall well and truly pay to the aforesaid T. Schenck and Bank of Monroe all damages and costs which they, or either of them,

may sustain, or that may be adjudged against said Gifford, as also all judgments that may be recovered against the said petitioner by reason of said injunction, then this obligation to be void; otherwise in full force." The cause was tried to the court without the intervention of a jury, and judgment was rendered for plaintiff for $105, and defendants appealed.

*John F. Lacey* and *Alanson Clark*, for appellants.

*Winslow & Varnum* and *J. Kipp & Sons*, for appellees.

REED, J.—A number of questions arise on the record, and have been argued by counsel. But, in our opinion, the case can be properly disposed of on a consideration of but one of them. Under the issue, plaintiffs were required to establish (1) that the injunction was wrongfully sued out; and (2) that they were damaged by the issuance of the writ. One question argued by counsel is whether the order of the judge vacating the writ has the force and effect of a judgment, or whether the defendant may go back, and show, notwithstanding the order, that there was just ground for the issuance of the writ. Without now determining that question, we will concede, for the purposes of the case, that the order is a judicial determination that the writ was wrongfully sued out, and as to that question the parties are concluded by it. But we are of the opinion that, conceding that the writ was wrongfully sued out, plaintiffs have not established the other fact which they were required to prove. The condition of the bond sued on is that defendants will pay all damages which plaintiffs may sustain by reason of the issuance of the writ. Plaintiffs could be damaged by the injunction only in case they were prevented by it from exercising or enjoying some right or privilege which they desired and were entitled to enjoy. If they were left by it in the same position, with reference to the subject of the controversy, which they intended to occupy if the writ had not been issued, they clearly were not damaged by it, however wrongful it may

have been; and it appears to us that by their own showing they were left in precisely that position. The *gravamen* of defendant's petition in the equity action was fraud in the obtaining of his signature to the note. The relief which he demanded in the case was the cancellation of the note. He was not entitled to an injunction on account of such fraud, however gross he may have shown it to have been; but before he would be entitled to the order allowing the writ, he must show by the allegations of his petition that plaintiffs were about to do some act in violation of his rights with reference to the subject of the action, which would tend to render ineffectual the judgment he was seeking to obtain. Code, § 3388.

Now, while it does not appear from the record before us that the petition in the equity action alleged that plaintiffs were about to negotiate the note, yet, as the restraining of that act was all plaintiff sought to accomplish by the writ, and as such averment was essential to his right to the order, and the judge made the order on the showing contained in the petition, and no question was made in the motion to dissolve the writ as to the sufficiency of the petition in that respect, we will presume that it did contain that allegation. As stated above, plaintiffs filed an answer denying all the allegations of the petition. They also filed affidavits in support of their motion to dissolve, but these tended only to disprove some of the allegations of fraud contained in the petition. But, as fraud was the *gravamen* of the complaint, the injunction would have been continued until the final hearing, unless it was made to appear that it was not necessary for the preservation of the rights which would accrue to defendant under the final judgment in case he should be successful. *Brigham v. White*, 44 Iowa, 677; *Fargo v. Ames*, 45 Id., 491. But defendants, by their denial of the allegation that they were about to negotiate the note, showed to the judge that the continuance of the injunction was not essential to the preservation of any right which might accrue

to defendant under the final judgment. By that denial they placed themselves in the position of insisting that they were not about to negotiate the note, and had no intention of doing that act; but, if that was true, how could they be damaged by the writ? It simply restrained them from doing an act which they say they did not desire to do, and had no intention of doing. The principal ground of their motion to dissolve was that, all the allegations entitling plaintiff to relief being denied, the injunction ought not to be continued. It is true there were other grounds of the motion; but, as plaintiffs insisted upon that ground as a cause for the dissolution of the writ, it cannot be material to consider them. The order sustaining the motion was general, and did not designate any particular ground thereof as the one upon which it was based. The presumption is, then, that it was sustained upon all the grounds urged.

By their own showing, then, plaintiffs were not damaged by the writ. They were not prevented by it from exercising or enjoying any right which they intended or desired to enjoy. The continuance of the writ would not have been injurious to them, and by its dissolution they gained no benefit or advantage. Under that state of facts, they are not entitled to recover the expense incurred by them in procuring its dissolution.

REVERSED.