JOHN WILLIAMS and ANNA WILLIAMS, Appellees, v. L. P. BALLINGER and J. W. BALLINGER, Appellants.

**Action on injunction bond:** PLEADINGS. In an action on an injunction bond, a petition which alleges facts from which it appears that the injunction was wrongfully sued out, is sufficient without a specific allegation of that fact.

**Damages:** SUFFICIENCY OF PLEADINGS. Although the petition in an action on an injunction bond contains no direct statement that the costs, charges, and expenses claimed as damages for the wrongful suing out of a writ were necessary or worth the amount claimed, but if the necessity and value thereof may be reasonably inferred from the facts pleaded, it will be sufficient in the absence of an attack by motion or otherwise.

**Same.** Where plaintiff was wrongfully enjoined from moving a building, he may recover his damage under an allegation that he had that right and was enjoined from so doing, without alleging ownership or right therein.

*Appeal from Mahaska District Court.*— HON. W. G. CLEMENTS, Judge.

WEDNESDAY, OCTOBER 26, 1904.

ACTION at law upon an injunction bond given in a suit wherein defendant L. P. Ballinger was plaintiff and these plaintiffs were defendants. The damages sought to be recovered are loss of time, expense in attending trial, loss of use of property, attorney's fees, etc. Defendants' defense is practically a general denial. The case was tried to the court without a jury, and upon an intimation from the trial judge that he should find for plaintiffs, defendants filed a motion in arrest of judgment, which motion was submitted, and by the court overruled. Thereupon judgment was rendered for plaintiffs, and defendants appeal.— *Affirmed.*

*Carver & Wooster,* for appellants.

*Frank T. Nash* and *B. W. Preston,* for appellees.

DEEMER, C. J.— The points made on this appeal relate to the correctness of the court's ruling on the motion in arrest and of the judgment for attorney's fees and expenses in defending against the injunction suit. Claim is now made that the petition does not state a cause of action, and that under the allegations thereof plaintiffs were not entitled to any relief. The petition recites the bringing of the original action and the giving of an injunction bond conditioned to pay all damages which might be adjudged against L. P. Ballinger by reason of the wrongful issuance of the injunction. It further recites that defendants have not paid all the damages sustained by plaintiffs by reason of the wrongful issuance of the injunction; that after the filing of the bond a temporary writ of injunction issued, restraining plaintiffs herein from moving a blacksmith shop from a certain lot, which continued in force for two months; that after the issuance of the writ plaintiffs herein filed a motion to dissolve it, which motion defendants herein confessed, and the injunc-

tion was dissolved; that the main cause was thereafter set for trial a number of times, and plaintiffs herein made a number of trips to look after the case, and were put to expense in procuring affidavits and preparing for the trial of the injunction suit; that at the time of and just before the dissolution of the injunction plaintiffs herein endeavored to get the case for hearing, and to get the court to rule on the motion to dissolve, and to say that they had a right to remove the building referred to in the injunction. They further stated that at the time the injunction issued plaintiffs had commenced to move the building, had employed a person with a steam engine to move it, and that at the time of the issuance of the writ the building was in no condition for use, and that they lost the use of the shop for two months, and that the same was worth $10 per month; that after the dissolution of the temporary writ, and on or about February 13, 1902, plaintiffs in that case and defendants in this dismissed the injunction case, and that plaintiffs, by reason of the premises, have sustained damages by reason of attorney's fees for which they became responsible, for service in preparing the motion to dissolve, and for looking after and preparing the case after the dissolution of the injunction, for lumber for temporary shop, for engine to remove the building, and for loss of time and expenses in attending court. The judgment was for $36, which was made up of $30 for attorney's fees, $2.50 for use of engine, and $3.50 for other expenses.

It is argued that plaintiff's petition does not state a cause of action in that: (1) It does not recite that the injunction was wrongfully sued out. (2) Does not allege that

1. PLEADINGS. attorney's services were necessary, and were of value. (3) No allegation that the use of the engine was necessary, or that it was worth the amount claimed. (4) No allegation that it was necessary for plaintiffs to go to any expense to secure the dissolution of the injunction, or that the expenses were necessary, or the charges

reasonable. (5) No allegations that plaintiffs owned the building, or had any interest in it, or had any right to remove it from the lot. It will be observed from the statement as to the allegations of the petition that plaintiffs therein state that defendants have not paid the plaintiffs the damages they sustained by reason of the wrongful issuance of the injunction. They then proceed with a recitation of the facts as to the issuance of the writ, the preparation of a motion to dissolve, the confession of the defendants herein, the dissolution of the injunction, and the final dismissal of the main case. Ordinarily, there must, of course, be a statement that the injunction was wrongfully issued. But if the facts pleaded show that fact, this is all that is necessary. The confession of the motion to dissolve the temporary writ of injunction, its dissolution upon motion of plaintiffs in the main suit, and the voluntary dismissal of the main suit surely make out a *prima facie* case, at least, of the wrongful issuance of the injunction.      *Shenandoah Bank v. Read,* 86 Iowa, 136; *Swan v. Timmons,* 81 Ind. 243; *Mitchell v. Sullivan,* 30 Kan. 232 (1 Pac. Rep. 518); *Apollinaris Co. v. Venable,* 136 N. Y. 46 (32 N. E. Rep. 555); *Towle v. Leacox,* 59 Iowa, 42, is not in point, for there the dismissal was by stipulation, and there was no showing as to what the stipulation was.

There is no direct averment that the services of the attorney were necessary, or as to the value thereof; no direct statement that use of the engine was necessary, or that it was

2. DAMAGES: sufficiency of pleading.

worth the amount claimed; and no allegation that it was necessary for plaintiffs to go to any expense or that the expenses were reasonably worth the amount sued for. There was a statement that plaintiffs had not been paid the damages sustained by them by reason of the wrongful issuance of the writ; that they lived a number of miles from the county seat, and that they made a number of trips thereto to look after the case, and were put to expense in so doing; that they filed a motion to dissolve the

injunction, which was confessed; and that thereafter the case was set for trial a number of times, and that they went to the county seat to attend upon the trial, and were put to expense in so doing; that they had employed a person with a steam engine to move the building, and were ready to move it; that they were deprived of the use of the building; that an action has accrued in their favor on the bond; and that they were damaged in a certain sum for attorney's fees which they had obligated themselves to pay, in another sum for the use of the engine, which was on the ground to move the building which they say they had thought to remove as defendant L. P. Ballinger well knew, and which could not be used by reason of the injunction, and in loss of time attending court and expenses incident to going to the county seat in another sum. Where, as here, an injunction is the only remedy sought, and a dissolution is had, necessary costs and expenses in procuring the dissolution are recoverable. *Colby v. Meservey,* 85 Iowa, 555; *Bullard v. Harkness,* 83 Iowa, 373. It is true that only necessary costs, charges, and expenses are recoverable in an action of this kind, and that there is no direct allegation that these were necessary, or worth the amount claimed. But if, from the allegations of the petition, this may reasonably be inferred, it will be sufficient, in the absence of direct attack by motion or otherwise. Here there is no doubt, under the allegations of the petition, that plaintiffs were deprived of a right to which they were entitled, and that they went to expense in securing that right, to wit, the right to remove the building. They also say they were at expense in securing it; and, while they do not directly state that this was necessary, still, taking the allegations as a whole, this is clearly to be inferred. And while plaintiffs cannot recover more than reasonable expenses and charges, yet when they state what these were they are presumed to be reasonable. *Smith v. Gregg,* 9 Neb. 212 (2 N. W. Rep. 459); *Wallace v. York,* 45 Iowa, 81; *Sacha v. Town,* 120 Iowa, 562; *Lampman v. Bruning,* 120 Iowa, 167; *Flanagan v.*

*R. R.,* 83 Iowa, 639. It may be that plaintiffs were pleading evidence, rather than ultimate conclusions; yet this is not a ground for motion in arrest of judgment.

Next it is said that, as there was no allegation of plaintiff's ownership of the building, or of their rights therein, they cannot recover. They do not say that they owned the building, but they distinctly charge that they had a right to move it: This they were enjoined from doing, and on account thereof suffered damages. The nature and extent of their right it was not necessary to state. The damage was not to the building, and they make no claim therefor, but for an unlawful interference with their right to remove. This, according to the allegations of the petition, was all the controversy was over, and plaintiffs' right to damage because of defendants' wrongful interference with plaintiffs' right sufficiently appears. *Hibbs v. Land Co.,* 81 Iowa, 285.

3. SAME.

We have examined each of the long lists of cases cited by appellants, but find few, if any, of them in point, and none which runs counter to the principles here announced.

The action of the trial court in overruling the motion in arrest and in rendering the judgment is *affirmed.*