W. A. WEIERHAUSER, Appellant, v. ALBERT COLE & SILAS L. JOHNSON, Appellees.

Injunction: RECOVERY ON THE BOND. Recovery on an injunction
1   bond is not dependent wholly upon proof of actual injury from issuance and enforcement of the writ, but may be had where the exercise of a substantial and lawful right was interfered with.

Appeal: ERROR: PREJUDICE. Where there is nothing in the record
2   to show that the verdict was rendered upon a valid defense and not as the result of an erroneous instruction, the error in the instruction will not be regarded as harmless.

*Appeal from Muscatine District Court.*—HON. D. V. JACKSON, Judge.

WEDNESDAY, OCTOBER 24, 1906.

ACTION to recover damages upon an injunction bond. Judgment for defendants, and plaintiff appeals.   *Reversed.*

*Jayne & Hoffman,* for appellant.

*E. M. Warner,* for appellees.

WEAVER, J.—The defendants with others as members of an unincorporated association were about to construct a rural telephone line along the highway in front of the plaintiff's premises.   The plaintiff objected to such construction and threatened to remove the poles and wires.   Thereupon an injunction was sued in behalf of the promoters of the enterprise restraining the plaintiff from interfering in any manner with the construction of the line and from removing or disturbing the poles and wires erected in front of his land. The defendants herein signed the bond for said injunction. It further appears that, at the first term of court after the issuance of the writ, the court found that the telephone line could not be lawfully erected upon the highway in front of the plaintiff's land without his consent except by condemnation proceedings, and, on motion of the plaintiff herein, dissolved the injunction.   Suit is now brought upon the bond and the principal question presented is whether the plaintiff may recover damages sustained on account of the injunction including attorney's fees properly expended in procuring its dissolution.

I.   Upon this subject the trial court instructed the jury as follows:

(4) It will be noticed that the issuance of the injunction, the execution of the bond, and the dissolution of the injunction are undisputed, and as a result it remains for the plaintiff only to show in the first instance that he has

been damaged as a result of the granting and serving of the injunction upon him, and this fact he must establish by the preponderance or greater weight of the evidence. If he fails to meet this burden which the law lays upon him, your verdict must be for the defendant. (5) In other words, plaintiff is not entitled to recover in this action unless it appears from the evidence that he was prevented by the injunction from the enjoyment of some right, the exercise of which was of some value to him, and the deprivation of which caused him loss. In this case plaintiff claims he was prevented by the injunction from interfering with certain telephone poles, and as a result could not mow his grass upon the roadside, and it is for you to say, from all the evidence bearing upon the question, whether or not he was prevented from mowing his grass by the injunction and the erection of an anchor or post during the existence of the injunction, and what, if any, loss he sustained as a result thereof. (6) If you find plaintiff was not so deprived of the enjoyment of some substantial right, your verdict must be for the defendant and you need proceed no further in the case.

1. INJUNCTION: recovery on the bond.

These instructions are excepted to by the appellant because they are based upon the idea that to enable him to recover damages upon the bond the jury must find that he suffered some material or substantial pecuniary injury by reason of the issuance of the writ. After considerable reflection we are constrained to the view that this exception is well taken. It is true that we have held that the dissolution of an injunction against the exercise of a technical right which the defendant had no desire or intention to exercise gives rise to no cause of action upon the bond. *Bank of Monroe v. Gifford,* 70 Iowa, 580. The case of *Hibbs v. Western Land Co.,* 81 Iowa, 285, also cited by the appellee herein, decides nothing in point. It appears in that case that the party had been enjoined from trespassing on certain land, and the injunction had been dissolved. It does not appear whether the person so enjoined was the owner of the land, nor upon what grounds the writ was sued out, nor is it shown what was in issue touching the land, nor whether he

was deprived of a substantial right by virtue of the injunction. For these reasons, expressly stated in the opinion, a demurrer to the petition claiming damages was sustained.

In the present case an junction, temporary and permanent, was the sole relief sought in the original action. It involved a substantial right of the plaintiff herein, *i. e.,* the right to object to and prevent the burdening of the highway bordering his premises by the poles and wires of the telephone line until the right of way therefor had been condemned and damages paid or secured. True, the damage may have been small, but the right to insist upon having a clear and unincumbered highway was none the less complete, and plaintiff's title to protection of such right by the courts none the less perfect or imperative than it would have been had the damage been many times greater. The appellant, as the court found, was the owner of the land affected, and as such had the right to prevent the erection of the telephone line, or to remove it if already erected. This right was disputed, and he was by the injunction prevented from exercising the same. He was not required to submit to this assumption of dominion over his property, and, to vindicate his right and relieve his property of the burden wrongfully imposed upon it, he properly appeared to the proceedings and denied the authority of the plaintiff's therein to proceed without condemnation of the right of way, and sought a dissolution of the injunction. Under the circumstances, where injunction is the sole relief sought, we have often held that its dissolution, either by interlocutory order or upon the final hearing, entitles the party enjoined to recover his attorney's fees in resisting the writ. We think, therefore, that the right of the plaintiff herein to recover does not depend upon the simple fact whether he sustained substantial injury by being prevented from mowing his grass along the road side (as the instruction seems to suggest), but upon whether he was enjoined from the exercise of the lawful and substantial right to prevent the erection of the telephone line and to re-

move the materials from his premises.  *Langworthy v. Mc-Kelvey,* 25 Iowa, 49; *Thomas v. McDaneld,* 77 Iowa, 299, *Colby v. Meservey,* 85 Iowa, 555; *Williams v. Ballinger,* 125 Iowa, 410.  Many other cases in this and other courts to the same effect might readily be cited but the foregoing indicates the law of this State.  Where the injunction sought is merely collateral or auxillary to the principal controversy, and its maintainaince is not decisive of the very question at issue, it is the equally well-established general rule that attorney's fees are not recoverable.  *Carroll Co. v. R. R. Co.,* 53 Iowa, 685; *Langworthy v. McKelvey,* 25 Iowa, 49.  It follows we think that, under the conceded facts in this case, the plaintiff was entitled to recover unless the defendant made good another defense pleaded to which we will hereinafter make reference, and the jury should have been so instructed.  The amount should, of course, have been left to the jury under appropriate instructions.

II.  As a second defense to the plaintiff's action the defendants alleged that after the dissolution of the injunction they instituted condemnation proceedings to condemn the right of way for their telephone line along the highway in question, and that, pending the same, plaintiff and defendants entered into negotiations ending in a settlement whereby it was agreed that, if the defendants herein should pay the costs accrued in the injunction proceedings, and would remove the telephone poles theretofore set along this part of the route to the opposite side of the highway and dismiss the condemnation proceedings, then all differences and controversies between them should be at an end.  They further allege that, acting upon said agreement, they did pay the costs in the injunction case, dismissed the condemnation proceedings at their own costs, and removed the telephone line to the opposite side of the roadway, and in all respects have fully performed the conditions of the settlement on their part.  It may well be that the verdict in defendants' favor was because the jury found this defense had been sus-

2. APPEAL: error: prejudice.

tained, but this we cannot know as no special finding was asked for and we are not able to say that the result was not induced by the instruction which we have held to have been erroneously given.

The contention of the appellant that there is no evidence on which this issue should have been submitted to the jury is not well founded. The matter pleaded constituted a good defense, and under the evidence, which we need not recite, it would have been error to withdraw it from the jury.

. Other points made in behalf of the appellant are not well taken or relate to matters not likely to arise on a retrial.

For the reasons above stated, a new trial must be ordered, and the judgment of the district court is therefore *reversed.*