WESTERN FRUIT & CANDY COMPANY et al., Appellants, v. HARRY J. MCFARLAND et al., Appellees.

**INJUNCTION: Bond—Dismissal of Suit.** In an action to vacate 1 a judgment charged to have been wrongfully obtained, where the injunctive relief asked is merely auxiliary and incidental, the dismissal of the suit is not, in an action on the injunction .bond, an adjudication that the injunction should not have been granted, although it would have been such an adjudication, had the suit been solely for injunctive relief.

**INJUNCTION: Bond—Liability for Costs.** It is only under bonds. 2 executed under the general injunction statute, Secs. 4354 to

4376, inclusive, Code, 1897, that recovery for expenses in dissolving the injunction has no limit save what is reasonably expended for that purpose; and in a proceeding under Secs. 4097 to 4099, inclusive, Code, 1897, the liability is restricted to the payment of any penalty assessed, and there is no liability on the part of defendants for expenses in dissolving the injunction.

**APPEAL AND ERROR:** Reversal—Nominal Damages. The Supreme Court will not reverse for refusal of alleged purely nominal damages; but that rule does not avail where it is held, in a case where a verdict was directed, that, if the obligee of an injunction bond was entitled to recover anything, the jury might have allowed a substantial sum.

**INJUNCTION:** Bond—Premature Suit. Where an injunction bond was given in a suit to vacate a judgment wherein auxiliary injunctive relief was sought, and the said action was dismissed, and the main suit and an application therein for an injunction were pending at the time suit was brought on the bond given in the auxiliary proceedings, the suit on that bond was prematurely brought; as, until the main case was decided, it could not be adjudged that the injunction was wrongful in its inception.

**APPEAL AND ERROR:** Reversal—Directed Verdict. Even if a motion for a directed verdict was assigned on untenable grounds, and sustained by the court on inadequate grounds, yet, if the direction of the verdict was right under the law, the Supreme Court will not reverse the same.

*Appeal from Scott District Court.*—A. P. BARKER, Judge.

OCTOBER 2, 1919.

REHEARING DENIED JANUARY 20, 1920.

ACTION to recover damages for alleged breach of an injunction bond. Directed verdict for defendants, and plaintiffs appeal.—*Affirmed.*

*Sharon, Harrison & McSwiggen* and *John C. Higgins,* for appellants.

*Isaac Petersberger,* for appellees.

SALINGER, J.—I.    Labor quite out of proportion to what
is justly demanded by the case has been entailed upon us
by the manner of presentation.    Had there been a studied
attempt to make it as difficult as possible to ascertain what
the record presents for review, the difficulty could not have
been greater.    We gather, however, that the appeal involves
this:    Appellants obtained a judgment against appellees.
They later instituted an independent suit in equity to va-
cate said judgment, and, as auxiliary relief, prayed a tem-
porary injunction.    Such injunction was granted, and the
bond involved in this appeal was thereupon and therefore
executed.    Later, appellants moved to dissolve the injunc-
tion.    This motion was bottomed mainly on the claim that
the injunction in question was rightly to be had only in
the suit in which the judgment sought to be vacated had
been entered, and could not rightfully be granted in the
said independent suit in equity.    This motion was argued,
submitted, and taken under advisement, but has never been
ruled on.    Still later, said independent suit to vacate, and
in which the bond in suit was ordered, was dismissed by
appellees without prejudice, and an order of dismissal was
entered by the court.    Neither the motion to dissolve or the
dismissal by the appellees or the order of dismissal are ex-
hibited in the record.    But it appears by an amendment to
abstract, as to which no certification has been sought, that
the dismissal was filed "so it could be refiled in the original
action, not yet determined."    Like application for injunc-
tional relief was made in the original suit on March 24,
1916.    While dismissal was filed in the independent suit in
equity four days earlier than March 24, 1916, this was in
vacation.    No order of dismissal was then entered, and no
judicial action taken on the dismissal until May 16, 1916.
The ultimate result is that the same injunctional relief
which was sought in the independent suit in equity was
also sought in the original suit, after the filing of dismissal

in the independent suit, but before any dismissal was actually effected. It appears further that "the order of dismissal without prejudice has the O. K. of appellant's counsel now appearing herein." While the argument of counsel goes beyond that, and asserts that appellees have finally prevailed, and the judgment has been vacated, the record does not show this state of facts. We are not advised competently what has finally been done with the application to vacate, or with reference to a temporary injunction in aid of such application. The most the record justifies us in saying is that the application to vacate judgment and one for a temporary injunction have been refiled in the original suit, and that both the main suit and the injunction are pending litigation.

Appellants brought suit on said injunction bond, filed in the dismissed equity suit. They seek therein to recover alleged expenses, including attorney fees incurred in said attempt to dissolve said injunction. The trial court directed a verdict, denying the recovery sought. Hence this appeal.

II. There are two error points. In effect, they amount to but one. The appellants contend the trial court erred in that it refused to hold: (1) That the dismissal of the suit to vacate judgment was equivalent to a formal dissolution of the temporary injunction issued in said suit; (2) that the dismissal was equivalent to an adjudication that the injunction was improperly sued out; and therefore erred in ruling that appellants could not recover their necessary expenses, incurred in moving to dissolve said injunction. For present purposes, we too will assume that the trial court so held, and therefore directed verdict, and inquire into whether such action can be sustained. A dictum in *Apollinaris Co. v. Venable*, 136 N. Y. 46 (32 N. E. 555), holds that such dismissal is equivalent to such dis-

1. INJUNCTION: bond: dismissal of suit.

solution. In *Palmer v. Foley,* 71 N. Y. 106, there is an argumentative intimation to the effect that some cases come close to supporting said dictum; but it is added that the rule stated therein is the law only where the discontinuance is not matter of agreement between the parties. This is not authority for the appellants, because, in the case at bar, the dismissal was O. K.'d by counsel for appellants, and in that sense, the dismissal and discontinuance was a matter of agreement; though, under our statute, no agreement was necessary to enable a party to dismiss without prejudice. All applicable that is decided in *Findlay v. Carson,* 97 Iowa 537, is that, even in a case where injunction is not the sole relief sought, dismissal of an original injunction suit has probative value, and may make a prima-facie case that the injunction was wrongfully issued. Passing these, it is to be admitted that *Nielsen v. City of Albert Lea,* 87 Minn. 285 (91 N. W. 1113), *Pacific M. Steamship Co. v. Toel,* 85 N. Y. 646, and *Tullock v. Mulvane,* 184 U. S. 497 (22 Sup. Ct. Rep. 372, at 377), squarely hold that the dismissals in those cases were equivalent to an actual dissolution of the injunction. The *Tullock* case rules further that the dismissal there amounted to a final decision, which was available in suit on the injunction bond as a basis for claiming that the injunction ought not to have been granted. But, in each of these cases, the *sole* relief sought was an injunction. They were cases of which it might be said, as was done in *Colby v. Meservey,* 85 Iowa 555, that, if the allegations as to and the prayer for injunction were stricken from the petition, no case would be left in existence. In the case at bar, that is not the situation. If we assumed that the petition filed by appellees had allegations as a basis for obtaining a temporary injunction, and a prayer therefor, yet, if all these had been stricken out, a case would have remained. The case was an application to vacate a judgment charged to have been wrongfully obtained; the relief

by way of injunction was merely auxiliary and incidental. If all assumed allegations in the pleadings concerning an injunction and prayer therefor had been eliminated, the main case, an application to vacate a judgment, would have remained. Whatever, then, may be the rule in cases where obtaining injunction is the suit, we have still to consider what the law is where the injunction is purely incidental and auxiliary to the main suit. In *Colby v. Meservey*, 85 Iowa 555, we said that, "when the injunction is merely auxiliary, expenses incurred in defending the action are not recoverable." In that case, the injunction had been dissolved, but we sustained a refusal to allow the recovery of expenses, because, if all concerning injunction had been eliminated, it would have ended the suit. As said, such elimination would not have ended the suit at bar. We said, in *Chicago, A. & N. R. Co. v. Whitney*, 143 Iowa 506, that where (as here) injunction is not the sole relief demanded, but is merely incidental to the main purpose of the action, then attorney fees are not recoverable in a suit on the bond, though the injunction has been dissolved. It was further said that the rule was to the contrary where injunction is the sole relief sought, and on final hearing a dissolution is ordered. And see *Langworthy v. McKelvey*, 25 Iowa 48, 49, and *Thomas v. McDaneld*, 77 Iowa 299. All that is ruled by *Williams v. Ballinger*, 125 Iowa 410, at 414, is that, where injunction is the only thing sought, and a dissolution is actually had upon motion which is confessed, proper expenditures in procuring such dissolution are recoverable. It is clear then that, even if here the court had found that what was done amounted to an actual dissolution of the injunction, it was still no error to deny the appellants the recovery they sought. Even if the injunction had been actually dissolved, still appellants were not entitled to what they asked, because, here, the injunction was a mere auxiliary in attempting to obtain the main purpose

of the suit. It is a significant side light that the trial court, in taking the motion to dissolve under advisement, stated that it would be considered "in determining the action of the court upon the petition to vacate judgment."

The authorities make clear that the distinction between deciding that the injunction is wrongful and some dissolutions is a substantial one. There may be liability on the bond on judgment upon the merits, though there is no order dissolving the injunction. 22 Cyc. 1029. And see *Langworthy's* case, 25 Iowa 49. A refusal to dissolve is no adjudication that the injunction is rightful if the refusal be not on the merits, but merely a declaration that it is deemed best to pass upon its rightfulness on final hearing of the cause. *Andrews v. Glenville Woolen Co.*, 50 N. Y. 282; *Nielsen v. City of Albert Lea*, 87 Minn. 285 (91 N. W. 1113). On the other hand, if the dissolution is ordered as a punishment for contempt, this does not adjudicate that there is liability for wrongfully having obtained the injunction. *Apollinaris Co. v. Venable*, 136 N .Y. 46 (32 N. E. 555). And a bond to respond to the damages if it be finally decided that plaintiff is not entitled to the injunction is not breached, nor is there final decision that it has been breached, merely because there is an order of discontinuance upon stipulation and a money payment. *Palmer v. Foley*, 71 N. Y. 106. These serve to indicate the basic reasoning upon which said distinction rests. If the suit is for an injunction only, its dismissal makes it impossible that any subsequent decision in the case will rule that the dismissed injunction was rightfully obtained, and, so, that it worked no legal damage. There can be no deciding done in a dismissed suit. But where the injunction is merely auxiliary, it may well happen that, though such injunction was dissolved, the plaintiff prevails in the main case. If he does, surely no damages should be recovered on the bond. If an injunction merely restrains action on a judgment sought to

be vacated, and vacation is had, surely no damages are due. For all that was done was to dissolve what, if left in existence, would merely stop for a time a collection to which there never was a right. In one word, even the *actual* dissolution of a temporary auxiliary injunction affords no evidence that such injunction was wrongfully issued, or that its existence caused damage.

III. But there is no evidence in this record for the claim that the trial court proceeded upon said grounds, and it appears affirmatively that the reasons assigned by the court for its action are other than these.

2. INJUNCTION: bond: liability for costs.

One of his reasons the trial judge stated thus:

"It seems to me that, as the bond in this case never was intended as an injunction bond under the chapter providing for injunction, but clearly being intended by the parties who gave it to secure the penalties provided under the section cited in the bond, or rather Section 4099, which is probably the one intended to be inserted in the bond, this action will not lie."

What of this holding? True, though a bond may be defective as a statutory bond, because not in the form prescribed by statute, it will, nevertheless, be held valid as a common-law obligation. *Garretson v. Reeder,* 23 Iowa 21; *Sheppard v. Collins,* 12 Iowa 570. True, bonds not demanded by statute may, if volunteered, be in some cases enforced. *Painter v. Gibson,* 88 Iowa 120. But that this is all true, of course, does not work that a bond sanctioned by statute, and complying with statute in form, can be held to be security for a liability which is not assumed in the bond.

The bond in suit undertakes nothing except that the obligors will, "in accordance with the subsequent order of said court, respond to the obligees as provided in Section 4098 of the Code." The trial court was of opinion that, since the action on the bond was bottomed on the general

injunction statutes, it would not lie where the bond is in response to special statutes authorizing an injunction in aid of a suit to vacate or set aside a judgment. The general statutes as to injunctions, and which deal also with motions to dissolve, are found in Sections 4354 to 4376 of the Code of 1897, both inclusive. The special statutes are found in the chapter dealing with proceedings to reverse, vacate, or modify judgments in the trial courts. Code Section 4097 provides that the court may first try and decide upon the grounds to vacate or modify a judgment or order, before trying or deciding upon the validity of the cause of action or defense; Code Section 4098, that the party seeking to vacate or modify a judgment or order may have an injunction suspending proceedings on the whole or part thereof, which shall be granted by the court or a judge thereof upon its being rendered probable, by affidavit or verified petition, or by exhibition of the record, that the party is entitled to the relief asked. Nothing is said in any of these special statutes about making a bond on the issuance of such injunction, but there is no doubt that that is contemplated. Section 4099 of the Code provides the penalty if the plaintiff fail to obtain the vacation. That penalty is that, if the judgment or order is affirmed, and the proceedings have been suspended, an additional judgment shall be rendered against the plaintiff in error for the amount of the costs, together with damages at the discretion of the court, not exceeding 10 per cent on the amount of the judgment affirmed. Construing together all the statutes on the subject of injunction, both general and special, we conclude that it is only in bonds executed under the general injunction statutes that recovery for expenses in dissolving has no limit save what was reasonably expended for that purpose. If we were to hold otherwise, we would give control to general statutes allowing a recovery of whatever was reasonably expended, against special statutes dealing

with suspensions in suits to vacate judgments limiting to allowance in the discretion, and, at all events, to not more than 10 per cent on the amount of the judgment affirmed. If we were to hold that the general statutes are applicable, it could well happen that the reasonable expenditure to dissolve was more than 10 per cent of the amount of the judgment affirmed, and that the full amount could be recovered, although a special statute dealing with the very suit in which damages are urged limits the recovery to 10 per cent of the judgment affirmed. Here is but another case of the special controlling the general. And we are of opinion the trial court rightly held that these appellants were not entitled to the relief demanded, because their suit was one based upon the general injunction statutes, and the relief sought should be denied because of the existence of said special statutes. As said, if this be not so, the defendants, having given a bond, expressly reciting that it was given in pursuance of Section 4098 of the Code, and having thereby obligated themselves to nothing but to assure the payment of any penalty assessed under Section 4099, would be held to respond to a liability beyond what they had undertaken. This they may not be compelled to do. In *Drummond v. Husson,* 14 N. Y. 60, a bond was given obligating to pay the judgment if affirmed. The judgment was not affirmed, because the appeal was dismissed. It was contended that the result was substantially the same to the appellant and respondent as if the judgment had been affirmed, and, therefore, the respondent had the right of action on the undertaking. The court declined to take that view, but held that the event provided for in the bond had not occurred, and that, when an undertaking on the granting of a provisional or temporary injunction is in conformity with the statute, the liability of the sureties was according to those terms.

IV. Another reason stated by the trial judge is that, at most, the appellants were entitled to merely nominal

damages. It is true we will not reverse for a refusal to allow purely nominal damages. But that rule cannot avail the appellees. Under the evidence, if it may be held that the obligees on the bond are entitled to recover any-thing, a jury might well have allowed a substantial sum. Appellees say it is not clear whether the evidence showing expenditures was addressed to the bond sued on, or to one given when injunction was asked in the original suit. We are fully persuaded the jury could have found the evidence was addressed to the bond in suit.

**3. APPEAL AND ERROR: reversal: nominal damages.**

V. But assume that none of the reasons assigned for directing the verdict are good reasons, and that none of the reasons in the motion asking that verdict be directed are tenable. Why should that matter, if there be, in truth, a valid reason for the direction of the verdict? A motion to have verdict directed is, in one aspect, an objection to having it made possible that the other party shall prevail. It does not differ, in legal effect, from an objection which urges that testimony offered by the opponent ought not to be received. It is settled that, when such objection to testimony is interposed, and the objection is sustained, we cannot interfere on appeal, even if the objection stated is utterly untenable, unless it appears there is no sound reason for excluding the testimony. The underlying reasoning was stated as follows, in the case of *In re Will of Crissick*, 174 Iowa 397, at 416:

**4. INJUNCTION: bond: premature suit.**

"If matter is, in fact, objectionable, and the court excludes it, it does not matter that objection was not more specific, or that none was interposed. The text of an objection becomes material only if the objection is overruled, and error assigned upon such ruling. Then, the appellate court sustains the trial court upon the theory that, if the reason presented on appeal had been disclosed to the trial

court, the ruling might have been otherwise, and no occasion for appeal have arisen. But where the court sustains an objection, and there are, in fact, good reasons for so doing, there will be no reversal because good reasons or full reasons were not presented below. Where the trial judge rules right, although not argued into it, the right ruling will not be disturbed because it was reached without presentation of the true argument for the ruling."

This was a suit to recover damages on an injunction bond, given to obtain a purely auxiliary temporary injunction. When the motion to direct verdict for the defendants was made, the main case in which said injunction was an auxiliary was pending and undetermined. We have pointed out that this situation invokes the distinction between a dismissal of a suit wholly for the purpose of obtaining an injunction, and suits on bond given to obtain a purely incidental injunction. But such situation does more than to create or define that distinction. The pendency of the main case makes the suit on the bond premature. The appellees had actually refiled their application for auxiliary injunction in the main case. Without reference to that, until the main case was decided it could not be known whether the temporary injunction was wrongful in its inception. Should a party be penalized because there was dissolved an auxiliary injunction obtained in aid of a suit to vacate a judgment if, on final hearing, that judgment were vacated,—penalized for having for a time prevented the enforcement of a judgment which was at no time rightfully enforcible? When this verdict was directed, it was possible that the hearing on the merits would set aside the judgment which the dissolved temporary injunction stayed for the time. In other words, had the court declined to direct a verdict for the defendants, this would have been tantamount to making it possible for the jury to award damages to the plaintiff for interfering with the enforcement of a

judgment, although, a week later, it might be determined on final hearing that the judgment should cease to exist, because it had been wrongfully obtained. We have, to some extent, pointed out the importance which the cases attach to the possibility of such a result on final hearing. Along the same line is *Fountain v. West,* 68 Iowa 380; *Scott v. Frank,* 121 Iowa 218, 221; and *Palmer v. Foley,* 71 N. Y. 106. In *Bank of Monroe v. Gifford,* 70 Iowa 580, we held that, if defendant concedes he does not intend to do the act enjoined, he thereby concedes that the writ has not damaged him, and that he would not be damaged by its continuance to a final hearing, and that, in such case, he may not recover the expense of a dissolution obtained. This is another way of saying that, if it be finally held or found that the writ was not wrongful, there is no liability on the bond, though there has been a dissolution. This case is approved in *Scott v. Frank,* 121 Iowa 218, at 222, by a holding that, if it finally appears applicant was not entitled to the writ, then damages might be awarded on the bond. This is, once more, a holding that no recovery is due though the injunction is dissolved, if it do finally appear that the injunction was rightful in its inception. In *Lacey v. Davis,* 126 Iowa 675, at 677, we said:

"Undoubtedly, it is the rule that a right of action does not accrue upon a bond given for the issuance of a temporary writ of injunction until the main action has been tried and determined."

In *Jewel Tea Co. v. Stewart,* 142 Iowa 353, at 355, we held that if, upon final hearing on the merits, the court should find plaintiff was entitled to an injunction at the time it brought its action, such finding would be a defense to an action on the bond for attorney fees although the temporary injunction had been dissolved, and that, therefore, no action can be maintained upon the injunction bond for such fees until the final disposition of the main case, and

that, so long as that case is pending on the merits, a dissolution of the temporary injunction is, therefore, not an adjudication rendering the obligor liable for such fees in a future action upon the injunction bond.

What it all comes to, then, is this: Assume that the motion to direct verdict assigned untenable grounds, and that the reasons stated by the trial court for sustaining that motion are not adequate, yet directing the verdict was right, under the law as we have set it forth herein. If we reversed, we would set aside a right judgment because we do not agree to the reasons advanced for asking it and granting it. So to do would violate the well-settled law, as stated in the *Crissick* case. We must decline to reverse an action which we are convinced is right, merely because the court acted upon reasons which do not support the rightful action taken. We note that, in the opinion filed by the trial judge, he indicates that the action was, in fact, premature, but that he did not deem the point had been raised in the case, and thought it was not determinative of it. We note, too, appellant concedes that appellees contended below "that the action was premature, and that no action on the bond could be brought because the court had not formally sustained plaintiff's motion to dissolve the injunction, and that the dismissal by the defendants did not amount to a dissolution of the injunction," and note that appellants say, further, that "the answer [which is not in the record] alleged prematurity, and there was issue on defendant's denial." We are of opinion that prematurity is in the case; that verdict was rightly directed because no right of action had accrued, and as well because the relief sought was one not covered by the bond.

We find nothing relevant in *Mengel v. Mengel*, 145 Iowa 737.—*Affirmed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.

5. APPEAL AND ERROR: reversal: directed verdict.