R. L. WHITTINGTON, Appellant, v. CITY OF BEDFORD, Appellee.

**NEW TRIAL:** Grounds—Failure to Submit Nominal Damages. Grounds for a new trial may not be predicated on a failure to submit to the jury the question of nominal damages.

**WATERS AND WATERCOURSES:** Obstructions—Effect. Principle recognized that the appreciable raising of the water level of streams by dams constitutes an invasion of the rights of an injured landowner.

Headnote 1:   4 C. J. p. 1027.   Headnote 2:   40 Cyc. p. 572.

Headnote 2:   41 L. R. A. 749; 59 L. R. A. 817; 26 R. C. L. 818, 847.

*Appeal from Taylor District Court.*—A. R. MAXWELL, Judge.

OCTOBER 19, 1926.

Action for damages for flooding plaintiff's land. From a judgment in favor of the defendant on the verdict of the jury, plaintiff appeals.—*Affirmed.*

*H. P. Jaqua* and *M. R. Brant*, for appellant.

*J. R. Locke,* for appellee.

ALBERT, J.—Plaintiff is the owner of a certain tract of land in Taylor County, lying some distance from the city of Bedford.

His wife owned certain other lands adjoining his, and her right of action was assigned to the plaintiff.

In 1921, the defendant city built a dam in a stream about half a mile south of the line of plaintiff's land, the stream being known as the "102 River," which passes through the land of plaintiff and his assignor. The claim is that, on account of the erection of this dam, the water of said river was set back, to the damage of the property in question; and he prayed for $8,000 damages. The case was tried to a jury, which returned a verdict in favor of the defendant. The burden of proof was on the plaintiff to establish the alleged injury to his property, and that the dam constructed by the defendant was the proximate cause of this injury. Both of these matters were in dispute in the evidence, and the decision of the jury thereon is binding upon us. No exceptions were taken to the instructions to the jury, and hence the instructions given must be the law of the case.

It is, of course, conceded that the increase in the height of the water in the river was a technical invasion of the plaintiff's right, but this, without more, would only entitle him to nominal damages, and a failure on the part of the court to submit the question of nominal damages was not a ground for a new trial or reversal. *Western Fruit & Candy Co. v. McFarland,* 188 Iowa 204; *Crawford v. Bergen,* 91 Iowa 675; *Fleming v. Stearns,* 79 Iowa 256; *Norman v. Winch,* 65 Iowa 263; *Williams v. Brown,* 76 Iowa 643.

1. NEW TRIAL: grounds: failure to submit nominal damages.

More than this, the plaintiff got the advantage of this rule of law in Instruction No. 6, where the jury was told, in substance, that any swelling of a stream over the line by the construction of dams upon lower real estate is an invasion of the rights of the owner of the upper land, who has the right to the stream in its natural condition; "and if you find, from a preponderance of the evidence, that, by reason of the construction of the dam in question, and from no other cause, the ordinary water level of the river, as it existed upon the real estate of the plaintiff, was appreciably raised after such construction, then on this issue you will find for the plaintiff."

2. WATERS AND WATERCOURSES: obstructions: effect.

The admission by the defendant in its pleading that, as a result of maintaining said dam, the water in said stream where it passes through plaintiff's land is slightly set back, in itself,

·without anything more, would only give rise to a question of nominal damages because of the invasion of plaintiff's right. There was a sharp dispute in the evidence on all other questions involved; hence they were jury questions, and not reviewable by us. The case seems to have been fairly tried and submitted, and we see no occasion for disturbing the judgment.—*Affirmed.*

DE GRAFF, C. J., and STEVENS and MORLING, JJ., concur.