FRANK CHRISMAN, Appellee, v. JOHN A. SCHMICKLE, Appellant.

No. 40147.

1312

APRIL 14, 1930.

*John D. Stewart,* for appellant.

*Crissman & Linville* and *David G. Bleakley,* for appellee.

STEVENS, J.—I. The pleadings in the injunction action, in which a temporary writ was issued, were introduced in evidence on the trial of this case. The alleged wrongful act charged by Schmickle, the plaintiff in that action and the appellant herein, against Frank Chrisman and his son John, defendants therein and appellees in this action, was the refusal by them to permit him to go upon premises owned by them, for the purpose of opening and repairing a tile drain situated thereon. The tile drain of the plaintiff intersected with a similar drain on the premises of the defendant, and was designed to carry the water from the cellars underneath their respective houses. It was also alleged that the defendants threatened the plaintiff with physical harm and injury if he attempted to repair the tile drain by going upon their premises. A temporary writ was

issued, to secure which the bond in suit was given. Following the issuance and service of the temporary writ, Schmickle, the plaintiff in that action, entered upon the premises of the defendants therein, and cleaned out and repaired the tile drain. The answer of the defendants in the injunction action denied the alleged wrongful acts charged in the petition, particularly the alleged threatened assault.

On final hearing of the equity action, the temporary writ was dissolved, and the costs taxed to the plaintiff. Thereupon, this action for damages was commenced against Schmickle and the surety on his bond. The cause was submitted to the jury, which returned a verdict in favor of appellee for $125, the amount claimed in the petition for attorney fees paid by appellee to his attorney for services rendered in securing the dissolution of the temporary injunction.

The only other damages claimed in the petition were certain expenses alleged to have been incurred by appellee in connection with the equity action, in preparation of and making defense thereto.

The law is well settled in this state that, when an injunction is the only relief sought, and the temporary writ issued therein is dissolved on final hearing, recovery by the defendant may  be had for the reasonable and necessary costs, expenses, and attorney fees expended in procuring such dissolution (*Weierhauser v. Cole & Johnson,* 132 Iowa 14; *Burnett v. Stark & Co.,* 155 Iowa 588; *Chicago, A. & N. R. Co. v. Whitney,* 143 Iowa 506); that, when the injunction sought is merely collateral or auxiliary to the main subject-matter of the action, and its maintenance is not decisive of the precise question at issue, attorney fees and expenses are not recoverable (*Weierhauser v. Cole & Johnson,* supra; *Burnett v. Stark & Co.,* supra); that it is incumbent upon the party seeking to recover damages to show that the injunction was wrongful in its inception, or at least that it was continued because of some wrong on the part of the plaintiff (*Scott v. Frank,* 121 Iowa 218; *Western F. & C. Co. v. McFarland,* 188 Iowa 204); and that the decree entered in the injunction action constitutes a final adjudication of all issues involved therein (*Scott v. Frank,* supra; *Shenandoah Nat. Bank v. Read,* 86 Iowa 136).

The major proposition urged and relied upon by appellant for reversal is that the prayer of the petition for a temporary restraining order in the injunction proceedings was auxiliary only to the main issues presented therein. To determine this question, resort must be had to the pleadings in that action. The test generally applied in this state is to strike the prayer for injunction, and then ascertain from what is left whether a cause of action remains. *Thomas v. McDaneld*, 77 Iowa 299.

The petition in this case alleged somewhat in detail the ultimate facts, showing the situation of the tile drain and the conditions under which the same was laid. The premises owned by appellant were purchased some years before, of the appellee. The original arrangement as to the tile drain appears to have been mutual.

It was further alleged in the petition by the plaintiff Schmickle that he informed appellee of the condition of the drain; that it was clogged and did not operate; that he believed this was caused by the roots of trees which had grown into the tile; that, thereupon, appellee refused and forbade Schmickle permission to go upon his premises to open and repair the tile drain; that physical violence was threatened if he attempted to do so. The plaintiff further alleged that, unless the drain was repaired and made effective, he would suffer irreparable injury and damages.

The prayer of the petition asked only the issuance of a temporary restraining order, and for general equitable relief. If the prayer for a temporary restraining order be eliminated from the petition, and only the general prayer for equitable relief be left, no cause of action whatever would remain. The sole and only relief asked was that the defendants be restrained from interfering with the plaintiff or preventing him from going upon the premises and repairing the drain.

The contention of appellant that the principal issue was something else is not well taken. No other issue was tendered or could have been tried. We are clear, therefore, that the  prayer for the issuance of a temporary restraining order, and that same be made permanent on final hearing, was not auxiliary to some other cause of action, but constituted the sole relief sought. As stated, final hearing was had, with

the result that the temporary writ was dissolved. The dissolution by the court of the temporary restraining order was at least prima-facie evidence that its issuance was wrongful. *Shenandoah Nat. Bank v. Read,* supra: *Scott v. Frank,* supra; *Williams v. Ballinger,* 125 Iowa 410. No testimony was offered by appellant to show that the amount asked as damages for attorney fees was unreasonable.

II. Most of the argument of counsel for appellant is centered on the main proposition heretofore discussed. As previously stated, appellee suffered no substantial damages, and none were asked. The merits of the controversy  in the equity action could not be inquired into in the trial of this cause, but, to aid the court in ascertaining precisely what was determined therein, the entire record, including the pleadings, was admissible in evidence in this case. *Scott v. Frank,* supra.

So far, therefore, as the record shows, the court in that action found that the injunction was wrongful in its inception. Many alleged erroneous rulings, including the refusal of the court to give certain requested instructions, and error in instructions given, are assigned in the brief of appellant, but only those already referred to are discussed in argument.

We find no reversible error in the record, and the judgment is affirmed.—*Affirmed.*

MORLING, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.