CHARLES T. WERNER, Appellee, v. J. W. HAMMILL, Defendant; MAE J. HAMMILL, Only Appellant.

As consolidated with

MAE J. HAMMILL, Appellant, v. CHARLES T. WERNER et al., Appellees.

No. 42592.

DECEMBER 11, 1934.

C. W. Meek, for appellant Mae J. Hammill.

Paul F. Jones and B. B. Hickenlooper, for the appellee Charles T. Werner.

James E. Patterson, for defendant J. W. Hammill, who does not appeal.

KINDIG, J.—While the defendant-appellant, Mae J. Hammill, owned as a homestead certain real estate in Cedar Rapids, valued at "from $2000 to $3500", she authorized Charles T. Werner, the appellee on this appeal, to perform some work on, and supply materials for, the homestead, which subjected it to a mechanic's lien. Apparently the original amount of the mechanic's lien aggregated $24.51.

For some reason, perhaps because of her impoverished condition, the appellant did not pay the appellee Werner the amount secured by the mechanic's lien, so, in order to obtain the funds secured by the mechanic's lien, the appellee Werner obtained a judgment against the appellant in the aggregate sum of $40.96, and fore-closed the mechanic's lien. Werner, although named in the record as a joint appellee with the sheriff of Linn county, nevertheless for convenience hereinafter will be referred to as the appellee.

A day or two before the end of the period of redemption, the appellant procured the necessary money to make redemption, and delivered it to her husband, J. W. Hammill, with authority to redeem the property from the sale under the mechanic's lien proceedings.

At that time the appellant tendered to the clerk $44.55, which was the correct amount for redemption. Acting under an apparent misapprehension, a deputy in the office of the clerk of the district court of Linn county informed the appellant and her husband that she did not have a right to redeem the property. Although the fact does not clearly appear, it seems that the deputy clerk so advised the appellant and her husband, because, through inadvertence, the district court did not definitely say in its decree in the mechanic's lien foreclosure proceeding that the appellant might redeem.

Consequently the appellant commenced the present proceeding: First, for the purpose of enforcing her right to redeem; and, second, to obtain a temporary writ of injunction restraining the appellee and the sheriff of Linn county from removing her from the homestead while her right to redeem was being determined. In support of the tender previously made to the clerk, the appellant now tenders the redemption money into court. This cause of action seems to have been consolidated with the original mechanic's lien proceedings. The district court allowed the appellant the temporary writ of injunction to protect her possession of the homestead. Later, and in due time, the cause came on for final hearing. Evidence was introduced by the respective parties, who appeared by their attorneys, and the district court found that the appellant was entitled to redeem upon the following condition, to wit:

"If the Hammills (the appellant and her husband) will pay to the clerk of this court the sum of $250 to apply on Werner's (appellee's) attorney's fees, this sum being in addition to the $44.— (the amount necessary to redeem), within fifteen days from the entry of this order they shall have the right to redeem, the title to the property in question will then be quieted in Mae J. Hammill (the appellant) upon making such redemption."

As before indicated, the appellee does not appeal, so the judgment becomes a finality against him. On the other hand, the appellant appeals only from that part of the judgment which requires her to pay the $250 attorneys' fees before she may redeem her property. There is no other question involved on this appeal. No reason is assigned for requiring the appellant to pay the $250 attorneys' fees. According to the judgment of the district court, the appellant had a right to redeem her property from the beginning. She would have done so had it not been for the ill-advised action of the deputy clerk

in refusing to accept the redemption money. Possibly the district court required the appellant to pay the $250 as attorneys' fees because the temporary writ of injunction was to be dissolved in case the appellant did not redeem.

A temporary injunction issued, as before related, but it was merely collateral to the main proceedings. Moreover, the district court in its judgment did not dissolve the temporary injunction in the event the appellant redeemed. If the appellant failed to redeem, then the district court declared that the temporary injunction should be dissolved, but not otherwise. By making the redemption, the appellant, in effect, automatically would end the necessity for the temporary injunction. Such ending of the injunction would not in that event come about by an order of dissolution, but rather the ending thereof would result because the temporary injunction had served its full purpose.

In Schmidt v. Meredith, 209 Iowa 621, on page 623, 228 N. W. 568, we indicated that, generally speaking, there are two classifications of damages accruing from a wrongful injunction. These, in the broader sense, are: First, the expenditures made in obtaining the dissolution thereof, including attorney fees, etc.; and, second, the loss resulting from the injunction itself. If the injunction is the sole remedy, then the costs and expenses incurred in dissolving the same may be recovered. To the same effect, see Chrisman v. Schmickle, 209 Iowa 1311, 230 N. W. 550.

Under the record in the case at bar, as before stated, the injunction, in the first place, was merely collateral, and, in the second place, it, as a matter of fact, had not been dissolved. Consequently there is no basis for allowing the attorney fees on the theory that the temporary writ of injunction had been dissolved. On the other hand, equity does not demand that the appellant pay the appellee these attorneys' fees. Had the appellee accepted the money tendered by the appellant for the redemption of her property, the present litigation would have been avoided. This later litigation was instituted by the appellant solely for the purpose of saving her homestead from the wrongful appropriation thereof by the appellee. The appellant has been put to the expense of hiring her own attorneys, not to impose a wrong upon the appellee, but to prevent the appellee from imposing a wrong upon her. Equity, therefore, does not demand that the appellant pay the appellee the $250 attorneys' fees before redeeming.

So, the judgment and decree of the district court is modified to the extent that there is removed therefrom the provision making the payment of said $250 a condition precedent to the appellant's right to redeem. She may redeem the property, within sixty days after the filing of this opinion, by paying the amount tendered, without the additional $250.

Wherefore, as thus modified, the judgment and decree of the district court is affirmed.—Modified and affirmed.

MITCHELL, C. J., and EVANS, ALBERT, STEVENS, ANDERSON, KINTZINGER, and DONEGAN, JJ., concur.