CHICAGO, ANAMOSA & NORTHERN RAILWAY COMPANY, Appellant, v. J. H. WHITNEY, Administrator of the Estate of JOSEPH WHITNEY, Deceased, and others.

**Injunction:** RECOVERY OF DAMAGES UPON BOND. To authorize recovery on an injunction bond the obligee must show that he suffered damage by reason of the issuance of the writ, or that some lawful or substantial right was interfered with. Thus a railway company, not entitled to the proceeds of a township tax until the trustees have certified to the treasurer a compliance with conditions authorizing its payment, can not recover damages on the bond in an action restraining the treasurer from paying the tax.

**Same:** EVIDENCE. In an action on an injunction bond given to restrain a township treasurer from payment of a tax levied to aid in the construction of a railway, evidence that the trustees, in refusing to certify that the company had complied with the conditions authorizing its payment, had acted under the advice of counsel who were also attorneys for the obligors on the bond, was properly refused, where there was no claim that the obligors induced the trustees to refuse the certificate.

*Appeal from Linn District Court.*—HON. F. O. ELLISON, Judge.

TUESDAY, OCTOBER 24, 1911.

ACTION to recover on an injunction bond. Judgment for the defendants, and plaintiff appeals.—*Affirmed.*

*Remley & Remley* and *Jamison, Smyth & Hann,* for appellant.

*Voris & Haas,* for appellees.

SHERWIN, C. J.—Joseph Whitney was the owner of property in Bowlder township, Linn county, when said township voted a tax in aid of the construction of the appellant's line of road through said township. He brought an action to have the tax so voted declared void for various reasons, and asked that a temporary writ of injunction issue, restraining the treasurer of Linn county from collecting said tax and paying the same to the plaintiff, and restraining the plaintiff from receiving the same. A temporary writ was issued, and Whitney gave a bond, running to the treasurer, conditioned to pay the damages occasioned by the wrongful issuance of the writ. The writ was issued on the 20th day of December, 1904, and in the early part of February, 1905, it was so modified by stipulation as to allow the treasurer to collect the taxes due under the levy. Upon final trial, the tax was held valid, and Whitney's action was dismissed, and the injunction dissolved. Some time thereafter the present action was brought on Whitney's bond to recover attorneys' fees incurred in defending against the issuance of the injunction, and for other costs in that suit. The defendants herein pleaded that other issues besides the injunction were involved and tried in the original suit; that the bond did not inure to the benefit of the plaintiff; and that at the time of the issuance of the injunction, and at the time of its final determination, the township trustees had not granted the plaintiff a certificate of the completion of the road, and because thereof that plaintiff was, at no time during the life of the injunction and the pendency of the action, entitled to the tax collected by the treasurer, and hence suffered no damage.

In the trial of the instant case the issues were: First, was the issuance of the injunction in the original suit the main question tried therein, or was it collateral and auxiliary only? Second, were the attorney's fees and expenses incurred in dissolving the writ, or were they earned

in defending other branches of the case? Third, did the bond sued on inure to the benefit of the plaintiff, and can it recover thereon? Fourth, did the temporary injunction interfere with any rights of the plaintiff, in view of the fact that no certificate had been granted by the township trustees, as provided by law? At the close of the evidence the defendants filed a motion for a directed verdict based on the four propositions already noted. During the progress of the trial, the court had ruled that the first three defenses herein noted were not good, and had reserved his ruling on the fourth. When he ruled on the motion to direct a verdict, he referred to his previous rulings on the other points, and in substance said that they were not good, and were again overruled, and then he expressly held that, because no certificate had been filed when the original case was finally settled, the plaintiff could not legally take any part of the tax collected by the treasurer, and consequently that no present right had been interfered with by the injunction, and directed a verdict for defendants. The defendants have not appealed; and hence the only question properly before us on the motion is the correctness of the court's ruling on the effect of the want of a certificate.

Code, Supp. section 2087, provides that moneys collected under an aid levy shall be paid to the railway company "at any time after the trustees of such township or

1. INJUNCTION: recovery of damages upon bond.

council of such town or city voting the same, or a majority thereof, shall have certified to the county treasurer that the conditions required of the railway company and set forth in the notice for the special election have been complied with, which certificate said township trustees or council of said town or city, shall make when conditions have been sufficiently complied with to entitle the railway company thereto." It is clear that under this statute the railway company was not entitled to receive the taxes, nor was

the treasurer authorized to pay them, until the township trustees had made and filed with the treasurer the required certificate. If no injunction had been issued, the company could not take the money from the treasurer, under existing conditions, without a violation of the law by both the treasurer and itself. If the injunction had been dissolved at any time before final hearing, the company would have been in no better condition. than it was in reality in, because in that event no money was due it from the treasurer. The treasurer was alone enjoined. No restraint was placed upon the action of the trustees. In fact, they were sued for a certificate after the dissolution of this injunction. It is not to be presumed that the company would ask the treasurer to violate the law, or that the treasurer would violate it in any event; hence the writ did not, in fact, interfere in any way with the rights of the company. It did not withhold from the company any present right that it . had or could exercise without the restraining order. It is therefore apparent that the writ caused no damage to the railway company, nor did it interfere with any lawful or substantial right; and to recover on the bond it must be shown that it was damaged to some extent by the issuance of the writ, *Bank of Monroe v. Gifford,* 70 Iowa, 580; *Hibbs v. Western Land Company,* 81 Iowa, 285; or that some lawful or substantial right was interfered with ·by the writ. *Wierhauser v. Cole & Johnson,* 132 Iowa, 14.

The appellant was not permitted to show that the township trustees were acting under the advice of counsel in refusing to certify the tax, and that said counsel was 2. SAME: evidence. one of the attorneys for Joseph Whitney in the original action. The testimony was clearly incompetent under the issues. The action was on the bond, and there were no allegations that the defendants were the cause of the trustees' refusal to issue the certificate. The motion to strike the appellees' additional

abstract is sustained. We think the judgment right, and it is *affirmed*.