## HONG HOON, ET AL., *v.* LUM WAI, ET AL.

## No. 1378.

### EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
### HON. J. T. DeBOLT, JUDGE.

SUBMITTED MAY 25, 1922.            DECIDED SEPTEMBER 12, 1922.

#### PETERS, C. J., EDINGS AND PERRY, JJ.

INJUNCTION—*liability on bonds or undertaking.*

Where a vendor in an executory contract of sale of chattels refuses to further deliver to the vendee and the vendee brings a suit in equity against the vendor for the specific performance by the vendor of the contract and ancillary thereto causes a temporary restraining order to issue therein restraining the vendor from delivering the chattels, subject to the contract, to others than the vendee and the vendor under the coercive measures of the temporary injunction delivers the same to the vendee at the contract price, upon the dissolution of the temporary restraining order and action by the vendor against the obligors upon the temporary injunction bond the vendor is entitled to recover as damages the difference between the contract price received by him from the vendee and what he could have obtained but for the injunction.

SAME—*same—recoupment by obligors.*

A claim by the vendee against the vendor for the vendor's breech under the circumstances does not arise out of the same transaction or subject-matter of plaintiff's action but is disconnected therewith and is not the subject of recoupment by the vendee.

#### OPINION OF THE COURT BY PETERS, C. J.
#### (Perry, J., dissenting.)

The plaintiffs and the assignors of the defendant partners, constituting the See Wo Poi Shop Company, on November 8, 1917, entered into a contract of sale by which the plaintiffs as vendors agreed to sell to the said defendants' assignors as vendees for the period of two

years from and after the day of the date thereof all marketable taro that might be grown by the vendors upon certain lands at Kahana, Oahu. There were reciprocal covenants on the part of the vendees to buy. In March, 1918, the vendees assigned their interests in the contract to the See Wo Poi Shop Company and deliveries were made to the company until May of the same year when the vendors discontinued and refused to make further delivery. Thereupon the assignees instituted a suit in equity against the plaintiffs for the specific performance by the latter of the sales agreement of November, 1917, and by way of ancillary relief secured a temporary restraining order to be issued restraining the plaintiffs, their agents, etc., from delivering to any person or persons other than the assignees, until the final disposition of the suit or until further order of the court, any marketable taro that might be grown and harvested by them on the land at Kahana, referred to in the sales agreement. As a condition precedent to the issuance of the temporary injunction the assignees were required to furnish, and they did as principals with the other defendants as sureties, furnish to the plaintiffs as obligors a bond in the sum of $2000 conditional upon and idemnifying the obligees "for and concerning all the damage which they (the obligees) or either of them shall suffer by reason of the issuance of said temporary injunction in the event that it shall be finally determined that the same was improvidently or wrongfully issued." A demurrer going to the merits of the bill after an interlocutory appeal to this court (see 24 Haw. 696) was sustained with leave to amend and the temporary injunction dissolved. Thereafter the complainants discontinued.

The within action is in debt upon the temporary injunction bond for damages suffered by plaintiffs by reason of the improvident and wrongful issuance of said

temporary injunction. The defendants plead the general issue. The court directed a verdict for the defendants. No reasons were assigned by the trial court for withdrawing the case from the jury, 'but assuming appellees' contentions to have been the same below as here the court's action was evidently predicated upon the claim that plaintiffs had·shown no damages, the deliveries of taro made by them pursuant to the terms of the temporary restraining order having imposed no greater burden than·their legal obligations to make deliveries under the contract. In this we think the trial court was in error.

Upon the breach by the vendors of their covenants in the sales agreement by refusing to deliver the only remedy accruing to the vendees was an action at law for damages. Equity was powerless to afford relief. The status of the respective parties was fixed by the breach. No legal impediment existed to prevent the vendors from contracting for the sale of their taro to persons other than the vendees. The vendees, not content with the remedy which the law afforded them, improvidently and wrongfully caused the vendors to be restrained from the exercise of their contractual rights and for this restraint they were liable to the vendors in damages for the difference between what the vendors received from the vendees and what they could have obtained but for the coercive measures of the temporary restraining order. The delivery of the taro by the vendors to the vendees during the pendency of the temporary restraining order was due to the restraining order and was not pursuant to the contract. The terms of the contract were immaterial and constituted no defense.

The contract would not constitute a justification for a conversion of the taro by the vendees upon notice to them of the vendors' refusal to make further delivery. It

was no less a trespass.  The possession of the taro was secured by the vendees under the guise of a temporary restraining order.  Its effect was to take from the vendors taro to the possession of which they were entitled by every legal right and to deliver it to the complainants in the equity suit.  The court by a dissolution of the temporary restraining order held that this was wrongful.  That holding is conclusive.  To permit the vendees in this action to justify under the contract is in effect to review the order of dissolution and to approve in this action as legal and within the rights of the vendees what the equity court held was wrongful and illegal.  The oft invoked maxim that "the end justifies the means" has no place in the body of the law and is not a measure of the rights of persons and things.

The case of *New England Box Co.* v. *Prentiss,* 82 Atl. (N. H.) 531, 532, is similar in all respects to the instant case.  There the plaintiffs through the coercive measures of a temporary injunction forced the defendants to deliver to them pine planks which were the subject of an executory contract of sale between the parties.  The court said: "In the present proceeding the contract alleged by the plaintiffs as the foundation of the proceedings which have been decided against them is immaterial.  The measure of the damages is not the difference between what the defendants did receive and what thy would have received· of the plaintiffs under the contract, but the difference between what they did obtain and what they could have received but for the injunction.  It has been decided in this case that the defendants could not be compelled to sell the plank to the plaintiffs. * * * As the defendants could not be compelled to sell the plank to the plaintiffs, the sum they would have been obliged to accept for it, if compelled to sell it, can have no bearing on the question of damages occasioned by the

.wrongful prevention of such sale to others. As the defendants had the right to sell to others, they had the right to such price as they could obtain from them. The foundation of this proceeding is the wrong in granting the injunction. That wrong could not be cured by the trial and conclusion in favor of the plaintiffs of the question already conclusively determined against them."

Every presumption must be indulged, however, in favor of the judgment and the question arises whether the court's action may be justified by allowing a recoupment by the defendants to the extent of the damages occasioned by plaintiffs' breach.

The plaintiffs in support of their claim introduced evidence tending to prove that during the period of the pendency of the temporary restraining order the market price of taro was in excess of the contract price. This evidence could be rendered equally available to defendants in a proper case. Defendants' damages under that state of the evidence would equal plaintiffs' and, if available as a defense, neutralize plaintiffs' claim, entitling defendants to a directed verdict.

In order to render the defense of recoupment available, however, it must appear that the claim sought to be recouped arose out of the same transaction or subject-matter as the demand sued for. 34 Cyc. 623; Sutherland on Damages, Secs. 172, 178. Plaintiffs' demand is predicated upon a temporary injunction bond; the defendants' upon an executory contract of sale. The obligations of the injunction bond are as foreign to the contract of sale as if the damages which the bond indemnifies were occasioned by a stranger or as if they had resulted from a conversion of the taro by the defendants. There is no connection between the two claims. In an independent action by the assignees for the breach of the contract by the plaintiffs the plaintiffs' claim under the injunction

bond would be equally foreign to the transaction or sub-ject-matter of plaintiffs' action and not available as a defense by way of recoupment. Where the claims of the opposing parties are disconnected and not a part of the same transaction or subject-matter of plaintiffs' action recoupment will not lie. Sutherland, Id., Sec. 181; *Oahu Ry. Co.* v. *Waialua Agr. Co.,* 16 Haw. 520; *Keegan* v. *Kinnare,* 14 N. E. (Ill.) 14-15; *Esbensen* v. *Hover,* 33 Pac. (Colo.) 1008; *Carver* v. *Shelly,* 17 Kans. 472-475; *Jones* v. *Swank,* 55 N. W. (Minn.) 1126; *Tacoma Mill Co.* v. *Perry,* 73 Pac. (Wash.) 801.

The exception to the order directing a verdict for the defendants is sustained and the cause remanded for a new trial.

*W. B. Lymer* and *Marguerite K. Ashford* for plaintiffs.

*Smith, Warren, Stanley & Vitousek* and *W. T. Rawlins* for defendants.

#### DISSENTING OPINION OF PERRY, J.

Briefly stated the case is this: Plaintiffs agreed to sell, and the defendants agreed to buy, certain taro. Plaintiffs refused to perform. Thereupon the defendants filed a bill in equity seeking specific performance of the contract of sale and obtained the issuance of a temporary injunction restraining the vendors from selling or de-livering the taro to persons other than the contractual vendees. In order to obtain this injunction the vendees filed a bond in favor of the vendors to assure them against all costs, charges and damages sustained by them by rea-son of the issuance of the injunction if it should be thereafter decreed that the injunction had been improper-ly issued. A demurrer to the bill in equity was sustained, on appeal, by this court on the sole ground that the ven-dees had an adequate remedy at law by an action for damages and that for that reason a court of equity would

not interfere. *(Lum Wai* v. *Hong Hoon,* 24 Haw. 696, 705.) The vendors thereupon instituted the present action, upon the bond, praying for a judgment for a certain sum of money by way of damages consequent upon the improper issuance of the temporary injunction. The trial court having directed a verdict for the defendants the case comes to this court upon exceptions.

It should be noted *in limine* that there is no exception before this court presenting any claim or question relating to the possible right of the vendors to recover upon the bond for counsel fees or other costs or expenses paid or incurred in procuring the dissolution of the temporary injunction. The sole ultimate claim is that the vendors, having adduced undisputed evidence tending to show that the market value of the taro while the injunction was in force was higher than the selling price prescribed by the contract of sale and purchase and having delivered the taro to the defendants during the existence of the injunction by reason solely of the compelling force of the injunction, are entitled to recover by way of damages the difference between the contract price and the market value.

There can be no doubt that the decree in the equity suit was a final adjudication that the temporary injunction was improperly issued. My dissent recognizes that that matter is *res judicata* and that it is not now open to the vendees to "go behind" that decree and to seek or obtain a ruling which in substance disregards that prior decree. But it remains equally clear that that decree did not adjudicate or purport to adjudicate the merits of the controversy between the vendees and the vendors and was simply based upon the theory that the vendees' remedy was at law and not in equity. It is *res judicata* that the injunction was improperly issued and that if the vendors have suffered in damages by reason of the issuance or

the pendency of that injunction they have a cause of action against the vendees upon the bond; but it is not *res judicata* that the vendors suffered any damages or, if they did, what the extent of those damages is. As in every other action at law for recovery of damages the plaintiff has the burden of proving the two main essentials of his case, to wit, (a) that by reason of the negligence, breach of contract or other substantial cause a right of action exists and (b) that the plaintiff has thereby suffered damage.

In the present instance, the case being freed from any complications or claim relating to attorney's fees, costs or other expenses, the vendors have failed to prove that they suffered any damage. The undisputed evidence shows that they have suffered no damage. They were enjoined from doing that only which they had no right to do. In my opinion they cannot possibly be damaged under those circumstances. Referring to bonds in support of injunctions, 22 Cyc. 1040 says: "Where defendant in the injunction suit was not, or could not possibly have been, injured, he is precluded from recovering damages on the bond." The vendors solemnly bound themselves by their contract with the vendees to sell the taro in question to the vendees and to no one else. "In the obligation assumed by a party to a contract is found his duty, and his failure to comply with the duty constitutes the breach." 6 R. C. L., Sec. 377, p. 1016. "As a contract consists of a binding promise or set of promises, a breach of contract is a failure, without legal excuse, to perform any promise which forms the whole or part of a contract." 3 Williston on Contracts, Sec. 1288. It is ture that the vendees had the *power* after entering into the contract to break it and to sell and deliver the taro to others; but they did not have the *right,* either moral or legal, to do so. It seems to me to be an utter perver-

sion of terms to say that a party to a contract has a right to do that which by the contract he has obligated himself not to do. Constitutions, statutes and courts have from time immemorial regarded contracts as solemn obligations the unoffending parties to which are to be always protected in their rights against those committing a breach. To now say judicially that a party has a *right* to commit a breach of any contract seems to me to be at variance with the history of contracts and with the solemnity and respect which has been accorded to them in the past. If a party to a contract has a right to break it, why is it that courts of law allow damages to the unoffending party for that breach? Surely no one has ever succeeded in recovering in a court of law damages for the doing of that by another which that other had the unqualified legal right to do.

In the case of *New England Box Company* v. *Prentiss,* 76 N. H. 313, 317, the court does indeed hold flatly, under circumstances parallel to those of the case at bar, that the vendors had the *right* to sell to others and that they had the right "to such price as they could obtain" from others. Possibly there are other cases to the same effect. Their reasoning does not appeal to me as being sound and with all respect I must decline to follow them. Other cases hold to the contrary:

"As long as the lien exists defendant could not lawfully sell more than the equity of redemption in the property which was subject to it. Hence it is not seen that he could have been damaged by being restrained from doing that which he had no right to do." *Parks* v. *O'Connor,* 8 S. W. (Tex.) 104, 107.

"Either party to a contract, however solemn its character or binding its form, has the power to violate it and courts of law give no redress to him who is injured except compensatory damages; but it is not accurate, in law or in morals, to say that a party has a right to break

his contract. It would be to assert that it is legally right to do what is legally wrong. A person bound by a contract to do or not to do a thing may find it to his advantage not to keep his engagement, for the obligation may be more onerous than the damages likely to be imposed for its breach, but the violation of the contract cannot be regarded as a contractual right." *Rowland Lumber Co.* v. *Ross,* 40 S. E. (Va.) 922, 924, 925.

"It is clear that there must be an unjust restriction of a right to make one liable in damages for suing out a writ of injunction, and one who has obtained a judgment by fraud on a debt that has been paid cannot recover damages on the injunction bond even though the injunction be dismissed and the writ quashed. We do not hold, nor do we intend to hold, in this case, that where an injunction is dissolved, and that ends the matter, a person may not recover his damages for a wrongful issuance of such injunction, nor that one may set up as a defense to an action on the bond in such case that as a matter of fact the injunction was not wrongfully issued. But where, as in this case, it was determined by an action in court that the judgment, which said injunction was sought to restrain the collection of, was obtained through conspiracy and fraud, such an adjudication may be interposed as a defense to the action on the bond for damages." *Guthrie*, v. *Biethan,* 139 Pac. (Ida.) 718, 719.

"To recover on the bond it must be shown that it" (the plaintiff) "was damaged to some extent by the issuance of the writ * * * or that some lawful or substantial right was interfered with by the writ." *Ry. Co.* v. *Whitney,* 152 Ia. 520, 523.

It seems to me to be immaterial in what the illegality or absence of right consisted of. Illustrating again the difference between *power* and *right,*—"The defendant, if plaintiff's contention be correct, had no right to terminate the contract; but notwithstanding it did not have the right it had the power to do so, which it illegally exercised, and for which the law steps in and compensates the plaintiff in damages. The general rule is that, while

a contract is executory, a party has the power to stop performance on the other side by an explicit direction to that effect, subjecting himself to such damages as will compensate the other party for being stopped in performance on his part at that stage in the execution of the contract." *Dunham* v. *Hastings Pavement Co.,* 88 N. Y. S. 835, 837, 838.   See also *Sumner* v. *Crawford,* 41 S. W. (Tex.) 825.

In this view, that the plaintiffs were enjoined from doing that only which they had no right to do and that therefore they have neither suffered nor proved any damages, no question of pleading concerning recoupment or set-off can arise.

The further contention of the plaintiffs that because of the existence of the clause in the contract of sale and purchase relating to $1000 the plaintiffs are entitled to recover at least the difference between the sum of $1000 and the excess of the market value over the contract price cannot be sustained.   That clause does not in any wise attempt to limit the amount of the damages of either party for a breach of the contract to the sum of $1000.

In my opinion the exceptions should be overruled.