CITIZENS STATE BANK,
Plaintiff–Appellee,

v.

Richard L. HARDEN and Janice E. Harden, d/b/a Harden Welding & Manufacturing, Defendants–Appellants.

Richard L. HARDEN and Janice E. Harden, formerly d/b/a Harden Welding & Mfg., Counter Cross–Claimants,

v.

CITIZENS STATE BANK, John E. Brewer, Agent, Rodney P. Kubat, John D. Cleavenger, Thomas H. Burke, Attorneys, & John and Jane Does 1–500, Defendants to Counter Cross–Claim.

No. 87–1428.

Court of Appeals of Iowa.

Feb. 23, 1989.

See also, 439 N.W.2d 677.

Marlyn S. Jensen, Osceola, for defendants-appellants.

Rodney P. Kubat of Whitfield, Musgrave & Eddy, Des Moines, for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

DONIELSON, Judge.

Hardens appeal from a district court judgment dissolving the bank's temporary injunction on certain bank accounts in Missouri and exonerating the bank's bond; and from a district court judgment dismissing the Hardens' counterclaims against the bank based on claim preclusion. The Hardens contend that: (1) the district court erred in exonerating the bank's bond pending final resolution of the validity of an Iowa replevin action; and (2) the district court erred in dismissing the Hardens' contract counterclaims as being precluded by previous litigation now before the court of appeals arising out of the same set of facts but alleging tort theories of recovery.

■ I. The Hardens contend the district court erred in exonerating the bond posted for the protection of the Hardens for that protection was necessary until the validity of the Missouri judgment purporting to be predicated from the Iowa replevin matter is resolved. Citizens State Bank asserts that the court acted properly because the Hardens failed to demonstrate that they suffered harm from the temporary injunction.

Iowa Rule of Civil Procedure 327 provides in pertinent part:

The order directing a temporary injunction must require that before the writ issues, a bond be filed, ..., which shall be one-hundred twenty-five percent of the probable liability to be incurred. Such bond ... shall be conditioned to pay all damages which may be adjudged against the petitioner by reason of the injunction....

It is true that to recover on an injunction bond, the obligee must show damage to some extent by the issuance of the injunction or that they were denied some lawful or substantial right by the injunction. *Chicago, Anamosa & N. Ry. Co. v. Whitney,* 152 Iowa 520, 523, 132 N.W. 840 (1911). The Hardens have not presented any evidence on the damages they incurred. Instead, the issue here is whether the bond should have been retained for possible damages resulting from the appeal process. We find the trial court acted properly in exonerating the bond.

"A decree dissolving an injunction is not suspended by an appeal, and an appeal from an order dissolving an injunction does not revive the injunction." 42 Am.Jur.2d *Injunctions* § 348 (1969). The district court dissolved the temporary injunction on September 15, 1987. With this dissolution, the purpose for the bond no longer existed. *See* Iowa R.Civ.Pro. 327. Since filing the appeal did not suspend the decree or revive the injunction, there is no reason to maintain the injunction bond. Therefore, we find that the bond was properly exonerated as of the date of filing the order dissolving the temporary injunction.

■ II. The Hardens also claim the trial court erred in dismissing their counterclaims which were compulsory in nature, were not in any way precluded, and were not part of a split cause of action. The bank asserts it was entitled to summary judgment on Hardens' counterclaims.

In reviewing the granting of a motion for summary judgment, we view the underlying facts contained in the pleadings and inferences to be drawn therefrom in a light most favorable to the party opposing the motion. *D.R.R. v. English Enter. CATV, Div. of Gator Transp. Inc.,* 356 N.W.2d 580, 582 (Iowa App.1984). Our task is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. *Id.*

A comparison of the petitions and claims asserted in case number 20787 and the counterclaim in this case reveals that the same operative facts and circumstances govern both. This situation brings claim preclusion into effect. To decide whether the same claim was litigated in case number 20787 as was asserted in the counterclaim, the following applies:

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Restatement (Second) of Judgments § 24 (1982), quoted with approval in *Noel v. Noel*, 334 N.W.2d 146, 148 (Iowa 1983).

The counterclaim is a breach of contract claim which is based on the same operative facts and circumstances as the previous tort claims. The tort theories included economic duress, interference with contractual relations, interference with prospective business advantage, fraud, breach of fiduciary responsibility, and intentional infliction of emotional distress. Even though the breach of contract theory was not asserted, claim preclusion as a matter of law prevents the Hardens from pursuing this theory as a counterclaim in this action.

Claim preclusion under the doctrine of res judicata is based on the principle that a party may not split or try his claim piecemeal, but must put forth in issue and try his entire claim or put forth his entire defense in the case on trial. An adjudication in a former suit between the same parties on the same claim is final as to all matters which could have been presented to the court for determination. A party must litigate all matters growing out of his claim at one time and not in separate actions.

*B & B Asphalt Co. v. T.S. McShane Co.*, 242 N.W.2d 279, 286 (Iowa 1976), quoted in *Tigges v. City of Ames*, 356 N.W.2d 503, 509 (Iowa 1984).

The Hardens voluntarily withdrew their claims of fraud and economic duress. Such withdrawal operated as a dismissal with prejudice because it resulted in splitting Hardens' cause of action which is also prohibited under the theory of claim preclusion. *See Tigges*, 356 N.W.2d at 509. Because Hardens were prevented from raising the counterclaim as a matter of law, summary judgment was properly granted.

AFFIRMED.